**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| VL COLLECTIVE IP LLC,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>MICROSOFT CORPORATION,<br><br>　　　　　Defendant. | Civil Action No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF VL COLLECTIVE IP LLC'S COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff VL Collective IP LLC ("VL IP"), by and through its undersigned counsel, files this Complaint for Patent Infringement relating to U.S. Patent Nos. 8,514,868 ("'868 Patent"), U.S. Patent No. 9,069,599 ("'599 Patent"), and U.S. Patent No. 9,973,474 ("'474 Patent") (collectively, "Asserted Patents") and alleges as follows:

**INTRODUCTION**

1.　　Founded in 2019, with support from widely-recognized industry leaders, VideoLabs, Inc. ("VideoLabs") launched to address the problem created by multiple companies owning various inventions that enable delivery of high-quality video end-to-end for consumers by offering an efficient license to those inventions.

2.　　Initially, VideoLabs offered membership on its platform to all willing companies. In exchange for low-cost membership or licensing fees, VideoLabs provided access to its patent portfolio and a commitment to seek out the most important patents in the video industry and clear them. Many prominent companies recognized the benefits of the VideoLabs platform and worked

with VideoLabs to efficiently and responsibly license its video technology patents.[1]

3.    In 2024, VideoLabs shifted its focus in two important ways.  First, VideoLabs shifted from clearing patents predominantly related to technologies involved in end-to-end video to acquiring and licensing patents more broadly related to high-technology innovations.  Second, VideoLabs also shifted its licensing model to place direct emphasis on serving innovators through an equitable licensing platform.  In this way, VideoLabs continued to offer an efficient licensing model and platform to technology implementers while primarily serving patent owners and innovators equitably in the high-technology marketplace.

4.    Building on its history of acquiring the most important patents and in view of its shifting focus, in 2024, VideoLabs acquired a patent portfolio from DXC Technology Company relevant to cloud computing.  That portfolio, a subset of which comprises the Asserted Patents, originated with ServiceMesh, Inc. ("ServiceMesh"), a pioneering company founded around 2008 that innovated technologies in cloud computing.  ServiceMesh pioneered a platform that enabled and automated management of both on-premises and cloud-based services.[2]   That platform allowed organizations to accelerate the adoption of cloud-based services and, today, the technologies innovated by ServiceMesh form a core offering of Microsoft's cloud services.

5.    Consistent with its business practice, VideoLabs attempted to enter into good-faith discussions with Defendant Microsoft to negotiate a reasonable license to the Asserted Patents.  Despite those attempts, Defendant knowingly continued its infringement of the patents-in-suit, continues to do so today, and will continue to do so until this Court puts a stop to its infringement.

6.    VL IP was founded in 2019 as a subsidiary of VideoLabs. VideoLabs is the prior

---

[1] https://www.videolabsinc.com/licensees
[2] https://www.zdnet.com/article/servicemesh-agility-platform-8-0-aims-to-help-enterprises-rein-in-shadow-it/

owner of the '868 Patent, '599 Patent, and '474 Patent. In January of 2026, VideoLabs assigned all right, title, and interest in these Asserted Patents to VL IP.

7.      VL IP owns the '868 Patent, titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The '868 Patent covers a cloud gateway system, a cloud hypervisor system, and methods for implementing the same. The inventions of the '868 Patent are a significant advance in the field of cloud computing, including systems and methods for managing cloud infrastructure and communicating with cloud provisioning and management tools.

8.      VL IP owns the '599 Patent, titled "System and Method for a Cloud Computing Abstraction Layer with Security Zone Facilities." The '599 Patent covers a virtualization environment adapted for development and deployment of at least one software workload, the virtualization environment having a metamodel framework that allows the association of a policy to the software workload upon deployment of the software workload. The inventions of the '599 Patent are a significant advance in the field of cloud computing, including systems and methods for securing, controlling and managing cloud services, applications, platforms, and infrastructure.

9.      VL IP owns the '474 Patent titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The '474 Patent covers a cloud gateway system, a cloud hypervisor system, and methods for implementing the same. The inventions of the '474 Patent are a significant advance in the field of cloud computing, including systems and methods for managing cloud infrastructure and communicating with cloud provisioning and management tools.

10.      VL IP brings this action to remedy Defendant Microsoft's infringement of VL IP's patented technology. Microsoft provides cloud computing technology using the inventions claimed

in the Asserted Patents in its Azure, Azure Arc, Azure VPN Gateway, and Azure Kubernetes Service (collectively, "Azure Products") and knowingly induces customers, end users, and third parties to directly infringe the claims of the Asserted Patents. Microsoft also directly infringes the Asserted Patents as set forth below.

## THE PARTIES

11.     Plaintiff VL Collective IP LLC is a corporation organized under the laws of the state of Delaware, with its principal place of business in Palo Alto, CA.

12.     On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with several places of business within this District.

## JURISDICTION AND VENUE

13.     This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

14.     This Court has personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute because Microsoft has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and within this District, and because Microsoft recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state, for example, in its Austin and San Antonio offices. The Court's exercise of jurisdiction over Microsoft would not offend traditional notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum.

15.     On information and belief, Microsoft makes, uses, sells, offers for sale, and/or imports into the United States, including in this District, products and services, including, without

limitation, Microsoft's Azure Products. Microsoft has continuous and systematic business contacts with the State of Texas. Microsoft, directly or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, including its Azure Products and associated services. Microsoft, directly and through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more of its products and services, including its Azure Products and associated services, into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in the State of Texas and the Eastern District of Texas. These products and/or services, including the Azure Products and associated services, have been and continue to be purchased and used by consumers in the State of Texas and the Eastern District of Texas. In addition, on information and belief, Microsoft conducts operations related to its products and services, including the Azure Products and associated services in its Eastern District of Texas facilities.

16.     Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Microsoft has committed acts of infringement and has regular and established places of business in this District. Microsoft has committed acts of infringement in this District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and services that infringe the Asserted Patents, as alleged herein. Microsoft has additionally committed acts of infringement in this District, indirectly, by, among other things, inducing others to infringe the Asserted Patents and contributing to the infringement of others, as alleged herein. Microsoft is registered to do business in Texas and has several regular and established places of business in this District as discussed below.

17.     Microsoft maintains millions of dollars of business and personal property in Collin County, within this District, as shown below.[3]



18.     Similarly, Defendant maintains significant business and personal property in Denton County, within this District, as shown below.[4]



19.     Microsoft has several corporate offices in the State of Texas, employing hundreds of persons. On information and belief, these offices are located in at least the following cities:

---

[3] https://esearch.collincad.org/ (last visited April 27, 2026) (search results for "Microsoft").

[4] https://www.dentoncad.com/property-search (last visited April 27, 2026) (search results for "Microsoft").

Dallas and Houston.[5]

20.     Further, Microsoft operates Microsoft Windows Stores within at least ten Best Buy retail locations throughout the State of Texas, including in this District, e.g., 2800 N Central Expressway, Plano, Texas 75074; 3333 Preston Road, Suite 200, Frisco, Texas 75034; and 2601 S Stemmons Freeway, Suite 300, Lewisville, Texas 75067.[6]

21.     These Microsoft Windows Stores are operated by Microsoft within Best Buy stores and are regular and established places of business of Microsoft. According to Microsoft, these Windows Stores are a "comprehensive store-within-a-store," with dedicated "Microsoft specialists" serving Best Buy customers within this "unique environment."[7]

22.     Microsoft holds these Windows Stores out as discrete retail locations. Former Microsoft Chief Marketing Officer described these store-in-store locations as "department-level takeover[s]" that are "unlike a lot of store-within-a-store concepts."[8] Microsoft leases the spaces for these Windows Stores from Best Buy and controls its "own pricing and merchandise decisions."[9]

---

[5] https://www.microsoft.com/en-us/ec/locations (last visited April 27, 2026).

[6] https://stores.bestbuy.com/tx/plano/2800-n-central-expy-202.html (last visited April 27, 2026); https://stores.bestbuy.com/tx/frisco/3333-preston-rd-180.html (last visited April 27, 2026); https://stores.bestbuy.com/tx/lewisville/2601-s-stemmons-fwy-258.html (last visited April 27, 2026).

[7] https://news.microsoft.com/source/2013/06/13/microsoft-and-best-buy-announce-the-windows-store-only-at-best-buy-2/ (last visited April 27, 2026).

[8] https://blogs.windows.com/windowsexperience/2013/06/13/talking-retail-the-new-windows-store-only-at-best-buy/ (last visited April 27, 2026).

[9] https://www.startribune.com/best-buy-bets-big-on-store-within-store-concepts/215301161 (last visited April 27, 2026).

23.    In addition to maintaining its stores within Best Buy retail locations, and as shown by its property listings in Collin County, Microsoft has approximately $2 million of property, including data servers, at Aligned Data Center located within this District at 2800 Summit Ave., Plano, Texas 75074.[10]

24.    Microsoft has announced a deal with CoreWeave to allow Microsoft to use CoreWeave's Plano data center for its Microsoft Azure AI workloads.[11]

25.    Further compounding Microsoft's presence in this District, it was announced in April 2024 that Microsoft had purchased 500 acres of land to the east of Plano to construct a new data center.[12] Microsoft also maintains an Azure point of presence ("POP") within this District, in Plano.[13]

**THE PATENTS-IN-SUIT**

26.    VL IP owns the entire right, title, and interest in the '868 Patent, which is titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The Patent issued on August 20, 2013 to inventor Duncan Christopher Hill from U.S.

---

[10] https://aligneddc.com/blog/aligned-data-centers-opens-ultra-efficient-data-center-in-plano/ (last visited April 27, 2026); https://dallasinnovates.com/north-texas-aligned-data-centers-to-be-acquired-for-40-billion-by-blackrock-nvidia-xai-microsoft-and-others/ (last visited April 28, 2026).

[11] https://www.datacenterdynamics.com/en/news/coreweave-plans-16bn-ai-cloud-data-center-in-plano-texas/ (last visited April 28, 2026).

[12] Microsoft to acquire 500 acres in Plano, Illinois - report – DCD, https://www.datacenterdynamics.com/en/news/microsoft-to-acquire-500-acres-in-plano-illinois-report/ (last visited April 27, 2026).

[13] https://learn.microsoft.com/en-us/azure/cdn/cdn-pop-locations (last visited April 27, 2026); POPs are part of content delivery networks: "a distributed network of servers that can efficiently deliver web content to users. A content delivery network store[s] cached content on edge servers in point of presence (POP) locations that are close to end users, to minimize latency." https://learn.microsoft.com/en-us/azure/cdn/cdn-overview (last visited April 28, 2026).

Patent Application No. 12/488,424 filed on June 19, 2009. A true and correct copy of the '868

Patent is attached as **Exhibit A** to this Complaint.

27.    VL IP owns the entire right, title, and interest in the '599 Patent, which is titled

"System and Method for a Cloud Computing Abstraction Layer with Security Zone Facilities."

The Patent issued on June 30, 2015 to inventors Frank R. Martinez and Eric Pulier from U.S.

Patent Application No. 13/354,275 filed on January 19, 2012. A true and correct copy of the '599

Patent is attached as **Exhibit B** to this Complaint.

28.    VL IP owns the entire right, title, and interest in the '474 Patent, which is titled

"Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing

Same." The Patent issued on May 15, 2018 to inventor Duncan Christopher Hill from U.S. Patent

Application No. 15/452,032 filed on March 7, 2017. A true and correct copy of the '474 Patent is

attached as **Exhibit C** to this Complaint.

29.    Duncan Hill invented a novel cloud gateway system, cloud hypervisor system, and

methods of implementing the same. His inventions were a significant advance in the field of cloud

infrastructure. Mr. Hill patented these inventions in the '868 Patent.

30.    Claim 5 of the '868 Patent reads as follows:

> 5. A cloud hypervisor system comprising:
> a processor;
> a pseudo-hypervisor creation tool configured, using the processor, to establish a pseudo-hypervisor instance;
> an API call listening tool configured, using the processor, to listen for and receive hypervisor API calls;
> a hypervisor API call translation tool configured, using the processor, to translate a hypervisor API call received by the API call listening tool into an intermediate representation;
> a cloud API translation tool configured, using the processor, to translate an intermediate representation into a cloud API call; and
> a routing tool configured, using the processor, to route an intermediate representation from the hypervisor API call translation tool to the cloud API translation tool.

31.     Frank Martinez and Eric Pulier invented a visualization environment adapted for development and deployment of at least one software workload. Their inventions were a significant advance in the fields of cloud services, applications, platforms, and infrastructure. Mr. Martinez and Mr. Pulier patented these inventions in the '599 Patent.

32.     Claim 1 of the '599 Patent reads as follows:

1. A method, comprising:
providing at least one processor capable of executing computing code in data communication with a nontransitory computer readable storage medium having encoded thereon computer executable instructions which, when executed on the processor, provide a virtualization environment adapted for development of a software workload to be deployed using at least one resource of a computing cloud, the software workload including a software unit of computing processing performed via at least one of an Infrastructure-as-a-Service (IaaS), a Platform-as-a-Service (PaaS), or a Service-as-a-Service (SaaS), the virtualization environment having a metamodel framework that allows for the association of at least one policy to the software workload, the policy to be applied to the software workload upon its deployment;
defining a security zone including at least one of the cloud resource(s), wherein one or more boundaries of the security zone are updatable, wherein one or more updated policies are applicable to the software workload when deployed within the security zone, and wherein the security zone is definable at differing levels of abstraction;
determining at least one of a plurality of security zone policy types, each type comprising at least one security policy that may be applied to the software workload using at least one resource within the security zone;
including the at least one security zone policy type in the metamodel framework;
associating a security policy of the at least one security zone policy type(s) with the software workload upon development of the software workload; and
automatically applying the security policy to the software workload when the software workload is deployed within the security zone.

33.     Duncan Hill invented a novel cloud gateway system, cloud hypervisor system, and methods of implementing the same. His inventions were a significant advance in the field of cloud infrastructure. Mr. Hill patented these inventions in the '474 Patent.

34.     Claim 1 of the '474 Patent reads as follows:

1. A computer-implemented method for managing cloud infrastructure, the method comprising:

establishing an enterprise network, wherein one or more network end-user devices are connected to the enterprise network;

connecting an enterprise gateway appliance to the enterprise network;

establishing a secure virtual private network between the enterprise gateway appliance and at least a first enterprise virtual machine in a cloud provider network, wherein the establishing further comprises:

establishing a connection between the enterprise gateway appliance and at least one remote gateway node in the cloud provider network, wherein the secure virtual private network is established between the enterprise gateway appliance, the remote gateway node, and the first enterprise virtual machine; and

causing one or more network service plug-ins to execute in the cloud provider network.

## COUNT I
## (INFRINGEMENT OF U.S. PATENT NO. 8,514,868 BY MICROSOFT)

35.    VL IP incorporates by reference paragraphs 1-34 above.

36.    Microsoft has directly infringed, and continues to directly infringe one or more claims of the '868 Patent, including at least claim 5 of the '868 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States computer products and/or services such as the Microsoft Azure Products (collectively, the "Microsoft Accused Products"), including, for example, Azure Arc in violation of 35 U.S.C. § 271(a).

37.    The Microsoft Accused Products, including, for example, Azure Arc, directly infringe claim 5 of the '868 patent as set forth in **Exhibit D**.

38.    Microsoft has also indirectly infringed and continues to indirectly infringe the '868 Patent by inducing infringement by its customers, end users, and third parties of the '868 Patent. Microsoft received notice of the '868 patent by no later than April 22, 2024, by virtue of a meeting between VideoLabs and Microsoft. Furthermore, Microsoft's U.S. Patent No. 8,019,873, issued September 13, 2011, lists the patent publication giving rise to the '868 patent as prior art. From at

11

least the time that Microsoft received notice, Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 5 of the '868 Patent.

39.    Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '868 Patent, including at least claim 5, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://azure.microsoft.com/en-us/resources/cloud-computing-dictionary/what-is-azure/

https://techcommunity.microsoft.com/blog/itopstalkblog/azure-arc-for-it-pros/2347921

https://learn.microsoft.com/en-us/azure/azure-arc/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/management/overview

https://azure.microsoft.com/en-us/explore/global-infrastructure#tabs-pill-bar-oc9430_tab1

https://datacenters.microsoft.com/WhatIsADatacenter/

https://learn.microsoft.com/en-us/azure/azure-arc/resource-bridge/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/deploy-rest

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/template-expressions

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/parameter-files

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/parameters

https://learn.microsoft.com/en-us/azure/azure-resource-

manager/bicep/overview

https://learn.microsoft.com/en-us/azure/azure-arc/servers/manage-vm-extensions

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/template-tutorial-create-templates-with-dependent-resources

40.    With knowledge of both the '868 Patent and its infringement of the '868 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '868 Patent by making and using the Microsoft Accused Products in a manner constituting direct infringement of at least claim 5 of the '868 Patent. Microsoft is thus liable for infringement of the '868 Patent under 35 U.S.C. § 271(b).

41.    On information and belief, Microsoft's past and continuing infringement has been deliberate, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

42.    As a result of Microsoft's infringement of the '868 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '868 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

43.    VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '868 Patent.

## COUNT 2
### (INFRINGEMENT OF U.S. PATENT NO. 9,069,599 BY MICROSOFT)

44.    VL IP incorporates by reference paragraphs 1-43 above.

45.    Microsoft has directly infringed, and continues to directly infringe one or more

claims of the '599 Patent, including at least claim 1 of the '599 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States the Microsoft Accused Products, including, for example, Azure Kubernetes Service in violation of 35 U.S.C. § 271(a).

46.     The Microsoft Accused Products, including, for example, Azure Kubernetes Service, directly infringe claim 1 as set forth in **Exhibit E**.

47.     Microsoft has also indirectly infringed and continues to indirectly infringe the '599 Patent by inducing infringement by its customers, end users, and third parties of the '599 Patent. Microsoft received notice of the '599 patent by no later than April 22, 2024, by virtue of a meeting between VideoLabs and Microsoft. Furthermore, Microsoft's U.S. Patent No. 10,860,545, issued December 8, 2020, lists the '599 patent as prior art. From at least the time that Microsoft received notice, Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '599 Patent.

48.     Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '599 Patent, including at least claim 1, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://learn.microsoft.com/en-us/azure/virtual-machines/managed-disks-overview

https://learn.microsoft.com/en-us/azure/aks/what-is-aks

https://learn.microsoft.com/en-us/azure/virtual-machines/overview

https://azure.microsoft.com/en-us/resources/cloud-computing-dictionary/what-is-azure/

https://learn.microsoft.com/en-us/azure/container-instances/container-

14

instances-overview

https://learn.microsoft.com/en-us/training/modules/describe-azure-compute-networking-services/5-containers

https://learn.microsoft.com/en-us/azure/aks/use-azure-policy

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/definition-structure-basics

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/initiative-definition-structure

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/scope

https://learn.microsoft.com/en-us/azure/governance/policy/assign-policy-bicep?tabs=azure-powershell

https://learn.microsoft.com/en-us/azure/governance/policy/assign-policy-template?tabs=azure-powershell

https://learn.microsoft.com/en-us/azure/well-architected/service-guides/azure-kubernetes-service

https://learn.microsoft.com/en-us/azure/aks/learn/quick-kubernetes-deploy-rm-template?tabs=azure-cli

https://learn.microsoft.com/en-us/azure/aks/learn/quick-kubernetes-deploy-bicep?tabs=azure-cli

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-cloud-introduction

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-containers-architecture?tabs=defender-for-container-arch-aks

https://learn.microsoft.com/en-us/azure/defender-for-cloud/enablement-guide-runtime-gated

https://learn.microsoft.com/en-us/azure/defender-for-cloud/recommendations-reference-container

https://learn.microsoft.com/en-us/azure/aks/security-controls-policy

https://learn.microsoft.com/en-us/azure/virtual-network/kubernetes-network-policies

https://learn.microsoft.com/en-us/azure/aks/network-policy-best-practices

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-containers-introduction

https://learn.microsoft.com/en-us/azure/aks/pci-ra-code-assets

https://learn.microsoft.com/en-us/azure/aks/cis-kubernetes

https://learn.microsoft.com/en-us/azure/aks/developer-best-practices-pod-security

https://learn.microsoft.com/en-us/azure/aks/concepts-security

49.    With knowledge of both the '599 Patent and its infringement of the '599 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '599 Patent by making and using the Microsoft Accused Products in a manner constituting direct infringement of at least claim 1 of the '599 Patent. Microsoft is thus liable for infringement of the '599 Patent under 35 U.S.C. § 271(b).

50.    On information and belief, Microsoft's past and continuing infringement has been deliberate, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

51.    As a result of Microsoft's infringement of the '599 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '599 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

52.    VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '599 Patent.

## COUNT 3
### (INFRINGEMENT OF U.S. PATENT NO. 9,973,474 BY MICROSOFT)

53.     VL IP incorporates by reference paragraphs 1-52 above.

54.     Microsoft has directly infringed, and continues to directly infringe one or more claims of the '474 Patent, including at least claim 1 of the '474 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States the Microsoft Accused Products, including, for example, the Azure VPN Gateway in violation of 35 U.S.C. § 271(a).

55.     The Microsoft Accused Products, including, for example, the Azure VPN Gateway, directly infringe claim 1 as set forth in **Exhibit F**.

56.     Microsoft has also indirectly infringed and continues to indirectly infringe the '474 Patent by inducing infringement by its customers, end users, and third parties of the '474 Patent. Microsoft received notice of the '474 patent by no later than April 22, 2024, by virtue of a meeting with VideoLabs and Microsoft. From at least the time that Microsoft received notice, Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '474 Patent.

57.     Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '474 Patent, including at least claim 1, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-about-vpngateways

https://learn.microsoft.com/en-us/azure/vpn-gateway/tutorial-site-to-site-portal

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-download-vpndevicescript

https://learn.microsoft.com/en-us/microsoft-365/enterprise/connect-an-on-premises-network-to-a-microsoft-azure-virtual-network?view=o365-worldwide

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-about-vpn-gateway-settings

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-vpn-faq

https://techcommunity.microsoft.com/blog/appsonazureblog/how-to-choose-the-right-network-plugin-for-your-aks-cluster-a-flowchart-guide/3969292

https://learn.microsoft.com/en-us/azure/virtual-network/deploy-container-networking

https://learn.microsoft.com/en-us/azure/network-watcher/network-watcher-agent-linux?tabs=portal

58.     Microsoft has also contributed to, and continues to contribute to, the infringement of claim 1 of the '474 patent by making, using, offering to sell, selling, and/or importing the components of the Microsoft Accused Products, including Azure VPN Gateway, in violation of 35 U.S.C. § 271(c). Microsoft makes, uses, offers to sell, sells, and/or imports such products with the knowledge that they are especially designed for use in performing the method of claim 1, that their use constitutes a material part of the method of claim 1, and that they are not a staple article of commerce suitable for substantial non-infringing use.

59.     With knowledge of both the '474 Patent and its infringement of the '474 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '474 Patent by making and using the Azure VPN Gateway in a manner constituting direct infringement of at least claim 1 of the '474 Patent. Microsoft is thus liable for infringement of the '474 Patent under 35 U.S.C. § 271(b).

60.     On information and belief, Microsoft's past and continuing infringement has been

18

deliberate, and this case is therefore an exceptional case, which warrants award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

61.    As a result of Microsoft's infringement of the '474 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '474 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

62.    VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '474 Patent.

## PRAYER FOR RELIEF

WHEREFORE, VL IP respectfully prays for the following relief:

(A)    A judgment that Microsoft has directly infringed and continues to directly infringe one or more claims of the Asserted Patents literally and/or under the doctrine of equivalents under 35 U.S.C. § 271(a);

(B)    A judgment that Microsoft has indirectly infringed and continues to indirectly infringe one or more claims of the Asserted Patents by inducing infringement under 35 U.S.C. § 271(b);

(C)    A judgment that Microsoft has indirectly infringed and continues to indirectly infringe one or more claims of the Asserted Patents by contributing to infringement under 35 U.S.C. § 271(c);

(D)    Compensatory damages in an amount according to proof, and in any event no less than a reasonable royalty, including all pre-judgment and post-judgment interest at the maximum rate allowed by law;

(E)    An order and judgment permanently enjoining Microsoft and its officers, directors, agents, servants, employees, affiliates, attorneys, and all others acting in privity or in concert with them, and their parents, subsidiaries, divisions, successors and assigns from further acts of infringement of the Asserted Patents;

(F)    A judgment that this is an exceptional case and awarding VL IP its costs and reasonable attorneys' fees incurred in this action as provided by 35 U.S.C. § 285; and

(G)    A judgment granting VL IP such further relief as the Court may deem just and proper.

## JURY TRIAL DEMAND

VL IP hereby demands trial by jury on all issues so triable pursuant to Fed. R. Civ. P. 38.

Dated:  April 29, 2026

By:  */s/ David Alberti  by permission Andrea L. Fair*

David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@albertilim.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@albertilim.com
Russell S. Tonkovich
CA Bar No. 233280 (Admitted E.D. Texas)
rtonkovich@albertilim.com
James Barabas (*pro hac vice forthcoming*)
NY Bar No. 3911484
jbarabas@albertilim.com
Hong S. Lin
CA Bar No. 249898 (Admitted E.D. Texas)
hlin@albertilim.com
Andrew Hamill
CA Bar No. 251156 (Admitted E.D. Texas)
ahamill@albertilim.com
Jeremiah A. Armstrong (*pro hac vice forthcoming*)
CA Bar No. 253705
jarmstrong@albertilim.com
Nicholas Martini (*pro hac vice forthcoming*)
CA Bar No. 237687
nmartini@albertilim.com
Ryan Dooley (*pro hac vice forthcoming*)
CA Bar No. 321645
rdooley@albertilim.com
**ALBERTI LIM & TONKOVICH LLP**
950 Tower Lane, Suite 1725
Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Andrea L. Fair
Texas Bar No. 24078488
andrea@millerfairhenry.com
**MILLER FAIR HENRY PLLC**
1507 Bill Owens Pkwy
Longview, Texas 75604
Telephone: (903) 757-6400
Facsimile: (903) 757-2323

*Attorneys for Plaintiff VL Collective IP LLC*

21