**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VL COLLECTIVE IP LLC, | § | |
| | § | |
| *Plaintiff,* | § | Case No. 2:26-cv-00346-JRG |
| | § | |
| v. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | JURY TRIAL DEMANDED |
| | § | |
| *Defendant.* | § | |
| | § | |

**DISCOVERY ORDER FOR PATENT CASES**

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the Court's docket under Federal Rule of Civil Procedure 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1.     **Initial Disclosures.**  In lieu of the disclosures required by Federal Rule of Civil Procedure 26(a)(1), each party shall disclose to every other party the following information:

    (a)     the correct names of the parties to the lawsuit;

    (b)     the name, address, and telephone number of any potential parties;

    (c)     the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d)     the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e)     any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered

in this action or to indemnify or reimburse for payments made to satisfy the judgment;

(f)    any settlement agreements relevant to the subject matter of this action; and

(g)    any statement of any party to the litigation.

2.    **Disclosure of Expert Testimony.**[1]  A party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703 or 705, and:

(a)    if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony, provide the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(B) and Local Rule CV-26; and

(b)    for all other such witnesses, provide the disclosure required by Federal Rule of Civil Procedure 26(a)(2)(C).

3.    **Additional Disclosures.**  Without awaiting a discovery request,[2] each party will make the following disclosures to every other party:

(a)    provide the disclosures required by the Patent Rules for the Eastern District of Texas with the following modifications to P.R. 3-1 and P.R. 3-3:

    i.    If a party claiming patent infringement asserts that a claim element is a software limitation, the party need not comply with P.R. 3-1 for those claim elements until 30 days after source code for each Accused Instrumentality

---

[1] All expert reports should be written such that the report is organized with discrete paragraph numbers.

[2] The Court anticipates that this disclosure requirement will obviate the need for requests for production.

is produced by the opposing party. Thereafter, the party claiming patent infringement shall identify, on an element-by-element basis for each asserted claim, what source code of each Accused Instrumentality allegedly satisfies the software limitations of the asserted claim elements.

ii.    If a party claiming patent infringement exercises the provisions of Paragraph 3(a)(i) of this Discovery Order, the party opposing a claim of patent infringement may serve, not later than 30 days after receipt of a Paragraph 3(a)(i) disclosure, supplemental "Invalidity Contentions" that amend only those claim elements identified as software limitations by the party claiming patent infringement.

(b)    produce or permit the inspection of all documents, electronically stored information, and tangible things in the possession, custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action, except to the extent these disclosures are affected by the time limits set forth in the Patent Rules for the Eastern District of Texas; and

(c)    provide a complete computation of any category of damages claimed by any party to the action, and produce or permit the inspection of documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered, except that the disclosure of the computation of damages may be deferred until the time for Expert Disclosures if a party will rely on a damages expert.

4.    **Protective Orders.**  The Court will enter the parties' Agreed Protective Order.

**5.**     **Discovery Limitations.**  The discovery in this cause is limited to the disclosures described in Paragraphs 1-3 together with: 35 interrogatories per side, 40 requests for admissions per side, the depositions of the parties, depositions on written questions of custodians of business records for third parties, and 100 hours of deposition time per side for depositions of party and third-party witnesses (excluding expert depositions), no more than 85 hours of which may be used for party witnesses. The parties agree to confer in good faith to the extent additional time beyond those limits is required to complete depositions. Each Side may depose each of the other Side's experts for up to seven (7) hours; provided, however, that if an expert submits multiple reports on different issues (e.g., validity and infringement), ten (10) hours of deposition testimony shall be permitted. Any deposition time requiring an interpreter or translator shall be counted as 1 hour for each 1.5 hours on the record (e.g., three (3) hours of deposition time will count as two (2) hours), and such deposition may be continued for an additional day at the request of a party if the actual time incurred on the first day exceeds seven (7) hours. The parties shall confer in good faith to the extent additional deposition time beyond the limits set forth above is reasonably required. Drafts of any report or disclosure prepared by an expert who will give testimony in this action (a "Testifying Expert") or the Testifying Expert's assistants, and notes, preparatory materials, and other documents prepared by or for a Testifying Expert or the Testifying Expert's assistants as part of the investigation, in preparing an expert report, or in preparing for the expert's deposition, shall not be subject to discovery, regardless of whether such materials have been disclosed or transmitted to, or contain any notes, writings, or markings created by, in-house or outside counsel or the employees or consultants of the party that engaged the Testifying Expert. Discovery of materials

- 4 -

provided to a Testifying Expert is limited to those materials, facts, consulting-expert opinions, and other matters relied upon by the Testifying Expert in formulating any opinion in this action; details regarding compensation and fee agreements remain discoverable. No discovery may be taken from or about any Consulting Expert who will not provide testimony in this action, except to the extent that such consulting expert provided information, opinions, or materials that a Testifying Expert relied upon. Written or oral communications between a Testifying Expert or Consulting Expert, his or her assistants, and/or in-house counsel or outside counsel, or employees of or consultants for the party or parties who engaged such Testifying Expert or Consulting Expert, are not subject to discovery unless the conversations or communications are relied upon by a Testifying Expert in formulating his/her final report, trial or deposition testimony, or any opinion in this action. "Side" means a party or a group of named parties and includes entities that are corporate affiliates of a named party. Any party may later move to modify these limitations for good cause.

6.    **Privileged Information.**    There is no duty to disclose privileged documents or information.  However, the parties are directed to meet and confer concerning privileged documents or information after the Status Conference.  By the deadline set in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.  Any party may move the Court for an order compelling the production of any documents or information identified on any other party's privilege log.  If such a motion is made, the party asserting privilege shall respond to the

motion within the time period provided by Local Rule CV-7.  The party asserting privilege shall then file with the Court within 30 days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. However, if the party asserting privilege seeks an *in camera* review by the Court, such party shall first obtain leave from the Court prior to delivery of documents to the Court.

7.    **Signature.**  The disclosures required by this Order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made.  If feasible, counsel shall meet to exchange disclosures required by this Order; otherwise, such disclosures shall be served as provided by Federal Rule of Civil Procedure 5.  The parties shall promptly file a notice with the Court that the disclosures required under this Order have taken place.

8.    **Duty to Supplement.**  After disclosure is made pursuant to this Order, each party is under a duty to supplement or correct its disclosures **immediately** if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9.    **Discovery Disputes.**

(a)    Except in cases involving claims of privilege, any party entitled to receive disclosures ("Requesting Party") may, after the deadline for making disclosures, serve upon a party required to make disclosures ("Responding Party") a written statement, in letter form or otherwise, of any reason why the Requesting Party believes that the Responding Party's disclosures are insufficient.   The written

statement shall list, by category, the items the Requesting Party contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the Responding Party shall, within 14 days after service of the written statement upon it, serve upon the Requesting Party a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be disclosed. The Requesting Party may thereafter file a motion to compel.

(b)    An opposed discovery related motion, or any response thereto, shall not exceed 7 pages. Attachments to a discovery related motion, or a response thereto, shall not exceed 5 pages. No further briefing is allowed absent a request or order from the Court.

(c)    Prior to filing any discovery-related motion, the parties must fully comply with the substantive and procedural conference requirements of Local Rule CV-7(h) and (i). Within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.

(d)    Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than two pages. Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

(e)    Any change to a party's lead attorney designation must be accomplished by motion and order.

- 7 -

(f)     Counsel are directed to contact the chambers of the undersigned for any "hot-line" disputes before contacting the Discovery Hotline provided by Local Rule CV-26(e).  If the undersigned is not available, the parties shall proceed in accordance with Local Rule CV-26(e).

10.    **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures.  Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11.    **Filings.**  Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

12.    **Proposed Stipulations by the Parties Regarding Discovery.**

(a) Electronic Service. Notwithstanding paragraph 7 of this Order, the parties agree to electronic service of disclosures, all correspondence, documents filed under seal, written discovery requests, and responses to written discovery requests, either by email (or if too voluminous, by FTP or other file transfer service) or through the ECF. Parties may serve all documents by e-mail by sending the documents to the email address for all counsel of record in this case. Documents are timely served by e-mail where the e-mail is sent by 11:59 pm Central Time on the date due. Per Local Rule CV-5(d), documents e-mailed after 5:00 p.m. Central Time shall be deemed served on the following day for purposes of calculating a response date to the document served.

(b) Service in Microsoft Word. Interrogatories, requests for admission, and deposition notices should be promptly provided in Microsoft Word format in addition to PDF format upon request by the receiving party.

(c) Privilege Logs. Privilege Logs will be due as set forth in the Docket Control Order. The parties need not log privileged documents or information created after the filing date of the Complaint. The privilege logs shall identify the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection.

(d) Depositions pursuant to Fed. R. Civ. P. 30(b)(6). Unless otherwise agreed, at least two weeks before the agreed date of a deposition pursuant to Fed. R. Civ. P. 30(b)(6), the party being deposed will disclose to the other side both the corporate representative (by name) and the 30(b)(6) topic(s) for which that representative will be designated on behalf of the party.

(e) Discovery of all electronically stored information ("ESI") shall be governed by a separate ESI Order. The parties will agree to entry of an E-Discovery Order based on the Court's Model E-Discovery Order for Patent Cases, subject to potential changes by the parties, and will submit a Proposed Order to the Court for approval. The parties will endeavor to submit a Proposed ESI Order to the Court for approval within 30 days after the filing of the parties' Proposed Discovery Order. In the meantime, the parties do not need to search for, collect, or produce email until an ESI Order is entered.

(f) The parties agree that they will timely serve each other with copies of any subpoenas or deposition notice directed to a third party. a party receiving documents and/or written

- 9 -

objections or responses from a third party will provide copies of the foregoing to the other parties within three (3) business days of receiving those documents, objections, or responses. The parties agree to consult with each other before scheduling any third-party deposition and to provide at least five (5) business days' notice of the selected court reporting agency to allow for the coordination of remote depositions, if any.

13. **Standing Orders.** The parties and counsel are charged with notice of and are required to fully comply with each of the Standing Orders of this Court. Such are posted on the Court's website at http://www.txed.uscourts.gov/?q=court-annexed-mediation-plan. The substance of some such orders may be included expressly within this Discovery Order, while others (including the Court's Standing Order Regarding Protection of Proprietary and/or Confidential Information to Be Presented to the Court During Motion and Trial Practice) are incorporated herein by reference. All such standing orders shall be binding on the parties and counsel, regardless of whether they are expressly included herein or made a part hereof by reference.