## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

<table>
<tr><td>

**VL COLLECTIVE IP LLC,**

     **Plaintiff**,

     v.

**MICROSOFT CORPORATION,**

     **Defendant**.

</td><td>

**Civil Action No. 2:26-cv-00346-JRG**

**JURY TRIAL DEMANDED**

</td></tr>
</table>

## DEFENDANT'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT FOR PATENT INFRINGEMENT

Defendant Microsoft Corporation ("Microsoft") hereby answers VL Collective IP LLC's ("Plaintiff" or "VL IP") First Amended Complaint for Patent Infringement ("FAC") as follows. Microsoft denies the allegations and characterizations in the FAC unless expressly admitted in the following paragraphs. Furthermore, the section headings and footnotes herein are included only for purposes of clarity and organization. Microsoft denies any allegations that may be implied by or inferred from the headings and footnotes contained in the FAC.

## INTRODUCTION

1.     Founded in 2019, with support from widely-recognized industry leaders, VideoLabs, Inc. ("VideoLabs") launched to address the problem created by multiple companies owning various inventions that enable delivery of high-quality video end-to-end for consumers by offering an efficient license to those inventions.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 of the FAC and, on that basis, denies each and every allegation therein.

2.	Initially, VideoLabs offered membership on its platform to all willing companies. In exchange for low-cost membership or licensing fees, VideoLabs provided access to its patent portfolio and a commitment to seek out the most important patents in the video industry and clear them. Many prominent companies recognized the benefits of the VideoLabs platform and worked with VideoLabs to efficiently and responsibly license its video technology patents.[1]

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 of the FAC and, on that basis, denies each and every allegation therein.

3.	In 2024, VideoLabs shifted its focus in two important ways. First, VideoLabs shifted from clearing patents predominantly related to technologies involved in end-to-end video to acquiring and licensing patents more broadly related to high-technology innovations. Second, VideoLabs also shifted its licensing model to place direct emphasis on serving innovators through an equitable licensing platform. In this way, VideoLabs continued to offer an efficient licensing model and platform to technology implementers while primarily serving patent owners and innovators equitably in the high-technology marketplace.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 of the FAC and, on that basis, denies each and every allegation therein.

4.	Building on its history of acquiring the most important patents and in view of its shifting focus, in 2024, VideoLabs acquired a patent portfolio from DXC Technology Company relevant to cloud computing. That portfolio, a subset of which comprises the Asserted Patents, originated with ServiceMesh, Inc. ("ServiceMesh"), a pioneering company founded around 2008

---

[1] https://www.videolabsinc.com/licensees

2

that innovated technologies in cloud computing. ServiceMesh pioneered a platform that enabled and automated management of both on-premises and cloud-based services.[2] That platform allowed organizations to accelerate the adoption of cloud-based services and, today, the technologies innovated by ServiceMesh form a core offering of Microsoft's cloud services.

**ANSWER**: Microsoft denies that the technologies allegedly innovated by ServiceMesh form a core offering of Microsoft's cloud services. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the FAC and, on that basis, denies each and every allegation therein.

5.      Consistent with its business practice, VideoLabs attempted to enter into good-faith discussions with Defendant Microsoft to negotiate a reasonable license to the Asserted Patents. Despite those attempts, Defendant knowingly continued its infringement of the patents-in-suit, continues to do so today, and will continue to do so until this Court puts a stop to its infringement.

**ANSWER**: Microsoft admits that VideoLabs communicated with certain Microsoft employees regarding the Asserted Patents. The remaining allegations contained in Paragraph 5 of the FAC call for a conclusion to which no response is required. To the extent a response is required, Microsoft specifically denies that it has committed acts of infringement in this District or elsewhere and denies the remaining allegations of Paragraph 5.

6.      VL IP was founded in 2019 as a subsidiary of VideoLabs. VideoLabs is the prior owner of the '868 Patent, '599 Patent, and '474 Patent. In January of 2026, VideoLabs assigned all right, title, and interest in these Asserted Patents to VL IP.

---

[2]  https://www.zdnet.com/article/servicemesh-agility-platform-8-0-aims-to-help-enterprises-rein-in-shadow-it/

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the FAC and, on that basis, denies each and every allegation therein.

7.      VL IP owns the '868 Patent, titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The '868 Patent covers a cloud gateway system, a cloud hypervisor system, and methods for implementing the same. The inventions of the '868 Patent are a significant advance in the field of cloud computing, including systems and methods for managing cloud infrastructure and communicating with cloud provisioning and management tools.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegation that VL IP owns the '868 Patent and therefore denies that allegation. Microsoft denies the remaining allegations of Paragraph 7.

8.      VL IP owns the '599 Patent, titled "System and Method for a Cloud Computing Abstraction Layer with Security Zone Facilities." The '599 Patent covers a virtualization environment adapted for development and deployment of at least one software workload, the virtualization environment having a metamodel framework that allows the association of a policy to the software workload upon deployment of the software workload. The inventions of the '599 Patent are a significant advance in the field of cloud computing, including systems and methods for securing, controlling and managing cloud services, applications, platforms, and infrastructure.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegation that VL IP owns the '599 Patent and therefore denies that allegation. Microsoft denies the remaining allegations of Paragraph 8.

9.      VL IP owns the '474 Patent titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The '474 Patent covers a cloud gateway system, a cloud hypervisor system, and methods for implementing the same. The inventions of the '474 Patent are a significant advance in the field of cloud computing, including systems and methods for managing cloud infrastructure and communicating with cloud provisioning and management tools.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegation that VL IP owns the '474 Patent and therefore denies that allegation. Microsoft denies the remaining allegations of Paragraph 9.

10.     VL IP brings this action to remedy Defendant Microsoft's infringement of VL IP's patented technology. Microsoft provides cloud computing technology using the inventions claimed in the Asserted Patents in its Azure, Azure Arc, Azure VPN Gateway, and Azure Kubernetes Service (collectively, "Azure Products") and knowingly induces customers, end users, and third parties to directly infringe the claims of the Asserted Patents. Microsoft also directly infringes the Asserted Patents as set forth below.

**ANSWER**: Microsoft admits that it offers certain cloud computing products and services under the names Azure, Azure Arc, Azure VPN Gateway, and Azure Kubernetes Service. Microsoft denies the remaining allegations of Paragraph 10.

## THE PARTIES

11.     Plaintiff VL Collective IP LLC is a corporation organized under the laws of the state of Delaware, with its principal place of business in Palo Alto, CA.

**ANSWER**: Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the FAC and, on that basis, denies each and every allegation therein.

12.    On information and belief, Defendant Microsoft Corporation ("Microsoft") is a corporation organized and existing under the laws of the State of Washington, with several places of business within this District.

**ANSWER**: Microsoft admits it is a corporation organized and existing under the laws of the State of Washington.  Microsoft specifically denies that it maintains a regular and established place of business within this District.  Microsoft otherwise denies the remaining allegations in Paragraph 12 of the FAC.

## JURISDICTION AND VENUE

13.    This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code, including 35 U.S.C. § 271. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a).

**ANSWER**: Microsoft admits that Plaintiff purports to bring this action for patent infringement under the patent laws of the United States of America, Title 35 of the United States Code. Microsoft admits that the FAC is based on the patent laws of the United States and asserts subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Microsoft denies that there is any basis for Plaintiff's FAC. Microsoft further denies that Plaintiff is entitled to any of the relief requested or any other relief. Microsoft otherwise denies the remaining allegations set forth in Paragraph 13 of the FAC.

14.    This Court has personal jurisdiction over Microsoft pursuant to due process and/or the Texas Long Arm Statute because Microsoft has committed and continues to commit acts of patent infringement, including acts giving rise to this action, within the State of Texas and within this District, and because Microsoft recruits Texas residents, directly or through an intermediary located in this state, for employment inside or outside this state, for example, in its Austin and San Antonio offices. The Court's exercise of jurisdiction over Microsoft would not offend traditional

notions of fair play and substantial justice because Microsoft has established minimum contacts with the forum.

**ANSWER**: Microsoft admits—for purposes of this action only—that it is subject to this Court's personal jurisdiction. Microsoft specifically denies that it has committed acts of infringement in the State of Texas or elsewhere. Microsoft admits that it has employees throughout the United States, including in Texas. Microsoft denies any remaining allegations in Paragraph 14 of the FAC.

15.    On information and belief, Microsoft makes, uses, sells, offers for sale, and/or imports into the United States, including in this District, products and services, including, without limitation, Microsoft's Azure Products. Microsoft has continuous and systematic business contacts with the State of Texas. Microsoft, directly or through subsidiaries or intermediaries, conducts its business extensively throughout Texas, by offering for sale, selling, and advertising its products and/or services in the State of Texas and the Eastern District of Texas, including its Azure Products and associated services. Microsoft, directly and through subsidiaries or intermediaries, has purposefully and voluntarily placed one or more of its products and services, including its Azure Products and associated services, into the stream of commerce with the intention and expectation that they will be purchased and used by consumers in the State of Texas and the Eastern District of Texas. These products and/or services, including the Azure Products and associated services, have been and continue to be purchased and used by consumers in the State of Texas and the Eastern District of Texas. In addition, on information and belief, Microsoft conducts operations related to its products and services, including the Azure Products and associated services in its Eastern District of Texas facilities.

**ANSWER**: Microsoft admits that it sells and offers to sell products and services throughout the United States, including in Texas. Microsoft admits that the Azure Arc, Azure VPN Gateway, and

Azure Kubernetes Service products and services accused of infringement in this lawsuit are available to users throughout the United States, including in this District. Microsoft specifically denies that it has committed acts of infringement in the State of Texas or elsewhere and denies any remaining allegations in Paragraph 15 of the FAC.

16.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 1400 because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Microsoft has committed acts of infringement and has regular and established places of business in this District. Microsoft has committed acts of infringement in this District, directly and/or through intermediaries, by, among other things, making, using, offering to sell, selling, and/or importing products and services that infringe the Asserted Patents, as alleged herein. Microsoft has additionally committed acts of infringement in this District, indirectly, by, among other things, inducing others to infringe the Asserted Patents and contributing to the infringement of others, as alleged herein. Microsoft is registered to do business in Texas and has several regular and established places of business in this District as discussed below.

**ANSWER**: The allegations contained in Paragraph 16 of the FAC call for a conclusion to which no response is required. To the extent a response is required, Microsoft does not contest venue for the purposes of this action only. Microsoft admits—for purposes of this action only—that it is registered to do business in the State of Texas and that it sells and offers to sell products and services throughout the United States, including in Texas. Microsoft specifically denies that it has committed acts of infringement in this District or elsewhere, directly and/or through intermediaries, and denies all remaining allegations in Paragraph 16 of the FAC.

8

17.     Microsoft maintains millions of dollars of business and personal property in Collin County, within this District, as shown below.[3]



**ANSWE**R: Microsoft admits that Paragraph 17 appears to contain a screenshot from the identified hyperlink in footnote 3 to a third-party website. Microsoft admits that the addresses listed in this screenshot correspond to Best Buy locations that sell Microsoft products and a data center supporting Microsoft services.  Microsoft denies any remaining allegations in Paragraph 17.

---

[3] https://esearch.collincad.org/ (last visited April 27, 2026) (search results for "Microsoft").

18.     Similarly, Defendant maintains significant business and personal property in Denton County, within this District, as shown below.[4]



**ANSWER**: Microsoft admits that Paragraph 18 appears to contain a screenshot from the identified hyperlink in footnote 4 to a third-party website. Microsoft admits that the addresses listed in this screenshot correspond to Best Buy locations that sell Microsoft products. Microsoft denies any remaining allegations in Paragraph 18.

19.     Microsoft has several corporate offices in the State of Texas, employing hundreds of persons. On information and belief, these offices are located in at least the following cities: Dallas and Houston.[5]

**ANSWER**: Microsoft admits—for purposes of this action only—that it is registered to do business in the State of Texas and that it sells and offers to sell products and services throughout the United States, including in Texas. Microsoft admits that it maintains offices in the State of Texas in the cities of Austin, Houston, Irving, and San Antonio, all of which are outside this District. Microsoft admits that Paragraph 19 purports to cite the identified hyperlink in footnote 5 to a now-inactive webpage on Microsoft's website. Microsoft specifically denies that it maintains a regular and established place of business in this District. Microsoft specifically denies that it has committed

---

[4] https://www.dentoncad.com/property-search (last visited April 27, 2026) (search results for "Microsoft").

[5] https://www.microsoft.com/en-us/ec/locations (last visited April 27, 2026).

any acts of infringement in this District, the State of Texas, or elsewhere. Microsoft denies the remaining allegations in Paragraph 19 of the FAC.

20.    Further, Microsoft operates Microsoft Windows Stores within at least ten Best Buy retail locations throughout the State of Texas, including in this District, e.g., 2800 N Central Expressway, Plano, Texas 75074; 3333 Preston Road, Suite 200, Frisco, Texas 75034; and 2601 S Stemmons Freeway, Suite 300, Lewisville, Texas 75067.[6]

**ANSWER**:  Microsoft denies that it operates "Microsoft Windows Stores" within Best Buy retail locations in the State of Texas, including those located at 2800 N Central Expressway, Plano, Texas 75074; 3333 Preston Road, Suite 200, Frisco, Texas 75034; and 2601 S Stemmons Freeway, Suite 300, Lewisville, Texas 75067. Microsoft further admits that the footnote to Paragraph 20 purports to include hyperlinks to third-party websites. Microsoft denies any remaining allegations in Paragraph 20 of the FAC.

21.    These Microsoft Windows Stores are operated by Microsoft within Best Buy stores and are regular and established places of business of Microsoft. According to Microsoft, these Windows Stores are a "comprehensive store-within-a-store," with dedicated "Microsoft specialists" serving Best Buy customers within this "unique environment."[7]

**ANSWER**: Microsoft denies that it operates "Microsoft Windows Stores" within Best Buy stores. Microsoft denies that "Microsoft Windows Stores" are "regular and established places of business

---

[6] https://stores.bestbuy.com/tx/plano/2800-n-central-expy-202.html (last visited April 27, 2026); https://stores.bestbuy.com/tx/frisco/3333-preston-rd-180.html (last visited April 27, 2026); https://stores.bestbuy.com/tx/lewisville/2601-s-stemmons-fwy-258.html (last visited April 27, 2026).
[7] https://news.microsoft.com/source/2013/06/13/microsoft-and-best-buy-announce-the-windows-store-only-at-best-buy-2/ (last visited April 27, 2026).

for Microsoft." Microsoft admits that Paragraph 21 purports to quote from a Microsoft website cited in footnote 7. Microsoft denies any remaining allegations in Paragraph 21 of the FAC.

22.    Microsoft holds these Windows Stores out as discrete retail locations. Former Microsoft Chief Marketing Officer described these store-in-store locations as "department-level takeover[s]" that are "unlike a lot of store-within-a-store concepts."[8] Microsoft leases the spaces for these Windows Stores from Best Buy and controls its "own pricing and merchandise decisions."[9]

**ANSWER**: Microsoft admits that Paragraph 22 purports to quote from a website cited in footnote 8. Microsoft further admits that the footnote 9 to Paragraph 22 purports to include a hyperlink to a third-party website. Microsoft denies any remaining allegations in Paragraph 22 of the FAC.

23.    In addition to maintaining its stores within Best Buy retail locations, and as shown by its property listings in Collin County, Microsoft has approximately $2 million of property, including data servers, at Aligned Data Center located within this District at 2800 Summit Ave., Plano, Texas 75074.[10]

**ANSWER**: Microsoft admits that the footnote to Paragraph 23 purports to include a hyperlink to a third-party website. Microsoft further admits certain of its data servers are located at Aligned Data Center located within this District at 2800 Summit Ave., Plano, Texas 75074. Microsoft denies any remaining allegations in Paragraph 23 of the FAC.

---

[8]    https://blogs.windows.com/windowsexperience/2013/06/13/talking-retail-the-new-windows-store-only-at-best-buy/ (last visited April 27, 2026).

[9]    https://www.startribune.com/best-buy-bets-big-on-store-within-store-concepts/215301161 (last visited April 27, 2026).

[10]    https://aligneddc.com/blog/aligned-data-centers-opens-ultra-efficient-data-center-in-plano/ (last visited April 27, 2026); https://dallasinnovates.com/north-texas-aligned-data-centers-to-be-acquired-for-40-billion-by-blackrock-nvidia-xai-microsoft-and-others/ (last visited April 28, 2026).

24.     Microsoft has announced a deal with CoreWeave to allow Microsoft to use CoreWeave's Plano data center for its Microsoft Azure AI workloads.[11]

**ANSWER**: Microsoft admits that the footnote to Paragraph 24 purports to include a hyperlink to a third-party website. Microsoft admits that it entered into a deal with CoreWeave to use its data centers for some of its Azure AI workloads. Microsoft denies any remaining allegations in Paragraph 24.

25.     Further compounding Microsoft's presence in this District, it was announced in April 2024 that Microsoft had purchased 500 acres of land to the east of Plano to construct a new data center.[12] Microsoft also maintains an Azure point of presence ("POP") within this District, in Plano.[13]

**ANSWER**: Microsoft admits that the footnotes of Paragraph 25 purport to include hyperlinks to third-party websites. Microsoft further admits that Plano, Texas contains a point of presence (POP) for its Azure Content Delivery Network. Microsoft denies any remaining allegations in Paragraph 25 of the FAC.

26.     Microsoft Technology Licensing, LLC is a wholly owned subsidiary of Microsoft Corporation. **Exhibit G** at ¶ 4. In its legal filings, Microsoft Corporation and Microsoft Technology Licensing, LLC are referred to and treated as a single entity, "Microsoft." *Id*. at ¶ 1.

---

[11] https://www.datacenterdynamics.com/en/news/coreweave-plans-16bn-ai-cloud-data-center-in-plano-texas/ (last visited April 28, 2026).

[12] Microsoft to acquire 500 acres in Plano, Illinois - report – DCD, https://www.datacenterdynamics.com/en/news/microsoft-to-acquire-500-acres-in-plano-illinois-report/ (last visited April 27, 2026).

[13] https://learn.microsoft.com/en-us/azure/cdn/cdn-pop-locations (last visited April 27, 2026); POPs are part of content delivery networks: "a distributed network of servers that can efficiently deliver web content to users. A content delivery network store[s] cached content on edge servers in point of presence (POP) locations that are close to end users, to minimize latency." https://learn.microsoft.com/en-us/azure/cdn/cdn-overview (last visited April 28, 2026).

Microsoft Technology Licensing, LLC's address is the same as Microsoft Corporation's headquarters. *Id*. at ¶ 4. Microsoft Technology Licensing, LLC holds patents issued on inventions created by employees at Microsoft Corporation and is often the assignee of patents filed by inventors from Microsoft Corporation. Microsoft Corporation's website states: "Microsoft Technology Licensing (MTL) is a subsidiary of Microsoft Corporation and manages Microsoft patents and technology transfer activities." **Exhibit H**. Microsoft Corporation has knowledge of, and control over, the activities and operations of Microsoft Technology Licensing, LLC.

**ANSWER**: Microsoft admits that Microsoft Technology Licensing, LLC is a wholly-owned subsidiary of Microsoft Corporation. Microsoft admits that Exhibit G purports to be copy of a complaint filed by Microsoft Technology Licensing, LLC against Kyocera Corporation and Kyocera Communications, Inc. Microsoft admits that in that complaint "Microsoft Technology Licensing, LLC" and "Microsoft Corporation are referred to as "Microsoft." Microsoft denies that Microsoft Corporation and Microsoft Technology Licensing, LLC are a single entity, alter egos, or that they are generally referred to or treated as a single entity for all purposes, and denies any implication that corporate separateness should be disregarded. Microsoft admits that in that complaint Microsoft Technology Licensing, LLC identifies its principal place of business at One Microsoft Way, Redmond, Washington 98052. Microsoft admits that its employees have previously assigned inventions to them, which they have then assigned to Microsoft Technology Licensing, LLC. Microsoft admits that Exhibit H purports to be a copy of its website that states "Microsoft Technology Licensing (MTL) is a subsidiary of Microsoft Corporation and manages Microsoft patents and technology transfer activities." Microsoft denies any remaining allegations in Paragraph 26.

**THE PATENTS-IN-SUIT**

27.    VL IP owns the entire right, title, and interest in the '868 Patent, which is titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The Patent issued on August 20, 2013 to inventor Duncan Christopher Hill from U.S. Patent Application No. 12/488,424 filed on June 19, 2009. A true and correct copy of the '868 Patent is attached as **Exhibit A** to this Complaint.

**ANSWER**: Microsoft admits that Exhibit A purports to be a copy of the '868 Patent which is titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." Microsoft admits that, on the face of the '868 Patent, its issue date is August 20, 2013. Microsoft admits that, on the face of the '868 Patent, Duncan Christopher Hill is identified as the inventor. Microsoft admits that, on the face of the '868 Patent, its application as U.S. Patent Application No. 12/488,424 was filed on June 19, 2009. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the FAC and, on that basis, denies those allegations.

28.    VL IP owns the entire right, title, and interest in the '599 Patent, which is titled "System and Method for a Cloud Computing Abstraction Layer with Security Zone Facilities." The Patent issued on June 30, 2015 to inventors Frank R. Martinez and Eric Pulier from U.S. Patent Application No. 13/354,275 filed on January 19, 2012. A true and correct copy of the '599 Patent is attached as **Exhibit B** to this Complaint.

**ANSWER**:  Microsoft admits that Exhibit B purports to be a copy of the '599 Patent which is titled "System and Method for a Cloud Computing Abstraction Layer with Security Zone Facilities." Microsoft admits that, on the face of the '599 Patent, its issue date is June 30, 2015. Microsoft admits that, on the face of the '599 Patent, Frank R. Martinez and Eric Pulier are identified as inventors. Microsoft admits that, on the face of the '599 Patent, its application as U.S.

15

Patent Application No. 13/354,275 was filed on January 19, 2012. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 of the FAC and, on that basis, denies those allegations.

29.     VL IP owns the entire right, title, and interest in the '474 Patent, which is titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." The Patent issued on May 15, 2018 to inventor Duncan Christopher Hill from U.S. Patent Application No. 15/452,032 filed on March 7, 2017. A true and correct copy of the '474 Patent is attached as **Exhibit C** to this Complaint.

**ANSWER**: Microsoft admits that Exhibit C purports to be a copy of the '474 Patent which is titled "Cloud Computing Gateway, Cloud Computing Hypervisor, and Methods for Implementing Same." Microsoft admits that, on the face of the '474 Patent, its issue date is May 15, 2018. Microsoft admits that, on the face of the '474 Patent, Duncan Christopher Hill is identified as the inventor. Microsoft admits that, on the face of the '474 Patent, its application as U.S. Patent Application No. 15/452,032 was filed on March 7, 2017. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 29 of the FAC and, on that basis, denies those allegations.

30.     Duncan Hill invented a novel cloud gateway system, cloud hypervisor system, and methods of implementing the same. His inventions were a significant advance in the field of cloud infrastructure. Mr. Hill patented these inventions in the '868 Patent.

**ANSWER**: Microsoft admits that, on the face of the '868 Patent, Duncan Christopher Hill is identified as the inventor. Microsoft denies the remaining allegations of Paragraph 30.

16

31.     Claim 5 of the '868 Patent reads as follows:

> 5. A cloud hypervisor system comprising:
> a processor;
> a pseudo-hypervisor creation tool configured, using the processor, to establish a pseudo-hypervisor instance;
> an API call listening tool configured, using the processor, to listen for and receive hypervisor API calls;
> a hypervisor API call translation tool configured, using the processor, to translate a hypervisor API call received by the API call listening tool into an intermediate representation;
> a cloud API translation tool configured, using the processor, to translate an intermediate representation into a cloud API call; and
> a routing tool configured, using the processor, to route an intermediate representation from the hypervisor API call translation tool to the cloud API translation tool.

**ANSWER**: Microsoft admits Paragraph 31 purports to quote from claim 5 of the '868 Patent.

Microsoft denies any remaining allegations in Paragraph 31 of the FAC.

32.     Frank Martinez and Eric Pulier invented a visualization environment adapted for development and deployment of at least one software workload. Their inventions were a significant advance in the fields of cloud services, applications, platforms, and infrastructure. Mr. Martinez and Mr. Pulier patented these inventions in the '599 Patent.

**ANSWER**:  Microsoft admits that, on the face of the '599 Patent, Frank R. Martinez and Eric Pulier are identified as inventors. Microsoft denies the remaining allegations of Paragraph 32.

33.     Claim 1 of the '599 Patent reads as follows:

> 1. A method, comprising:
>  providing at least one processor capable of executing computing code in data communication with a nontransitory computer readable storage medium having encoded thereon computer executable instructions which, when executed on the processor, provide a virtualization environment adapted for development of a software workload to be deployed using at least one resource of a computing cloud, the software workload including a software unit of computing processing performed via at least one of an Infrastructure-as-a-Service (IaaS), a Platform-as-a-Service (PaaS), or a Service-as-a-Service (SaaS), the virtualization environment having a metamodel framework that allows for the association of at least one policy to the software workload, the policy to be applied to the software workload upon its deployment;

17

defining a security zone including at least one of the cloud resource(s), wherein one or more boundaries of the security zone are updatable, wherein one or more updated policies are applicable to the software workload when deployed within the security zone, and wherein the security zone is definable at differing levels of abstraction;

determining at least one of a plurality of security zone policy types, each type comprising at least one security policy that may be applied to the software workload using at least one resource within the security zone;

including the at least one security zone policy type in the metamodel framework;

associating a security policy of the at least one security zone policy type(s) with the software workload upon development of the software workload; and

automatically applying the security policy to the software workload when the software workload is deployed within the security zone.

**ANSWER**: Microsoft admits Paragraph 33 purports to quote from claim 1 of the '599 Patent.

Microsoft denies any remaining allegations in Paragraph 33 of the FAC.

34.     Duncan Hill invented a novel cloud gateway system, cloud hypervisor system, and methods of implementing the same. His inventions were a significant advance in the field of cloud infrastructure. Mr. Hill patented these inventions in the '474 Patent.

**ANSWER**: Microsoft admits that, on the face of the '474 Patent, Duncan Christopher Hill is identified as the inventor. Microsoft denies the remaining allegations of Paragraph 34.

35.     Claim 1 of the '474 Patent reads as follows:

1. A computer-implemented method for managing cloud infrastructure, the method comprising:

establishing an enterprise network, wherein one or more network end-user devices are connected to the enterprise network;

connecting an enterprise gateway appliance to the enterprise network;

establishing a secure virtual private network between the enterprise gateway appliance and at least a first enterprise virtual machine in a cloud provider network, wherein the establishing further comprises:

establishing a connection between the enterprise gateway appliance and at least one remote gateway node in the cloud provider network, wherein the secure virtual private network is established between the enterprise gateway appliance, the remote gateway node, and the first enterprise virtual machine; and

causing one or more network service plug-ins to execute in the cloud provider network.

18

**ANSWER**: Microsoft admits Paragraph 35 purports to quote from claim 1 of the '474 Patent. Microsoft denies any remaining allegations in Paragraph 35 of the FAC.

## COUNT 1: INFRINGEMENT OF U.S. PATENT NO. 8,514,868 BY MICROSOFT

36.     VL IP incorporates by reference paragraphs 1-35 above.

**ANSWER**: Microsoft repeats and incorporates by reference each of the answers in the foregoing paragraphs as if fully set forth herein.

37.     Microsoft has directly infringed, and continues to directly infringe one or more claims of the '868 Patent, including at least claim 5 of the '868 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States computer products and/or services such as the Microsoft Azure Products (collectively, the "Microsoft Accused Products"), including, for example, Azure Arc in violation of 35 U.S.C. § 271(a).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 37 of the FAC.

38.     The Microsoft Accused Products, including, for example, Azure Arc, directly infringe claim 5 of the '868 patent as set forth in **Exhibit D**.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 38 of the FAC. Microsoft further denies each and every allegation set forth in Exhibit D.

39.     Microsoft has also indirectly infringed and continues to indirectly infringe the '868 Patent by inducing infringement by its customers, end users, and third parties of the '868 Patent. Microsoft has been on notice of the '868 patent and its infringement since at least the issuance of the '868 patent on August 20, 2013. In the prosecution of Microsoft's patent application with U.S. Patent Publication No. 2010/0318609 ("Microsoft's '609 patent application"), Microsoft provided a detailed analysis of the substance of the '868 patent. In prosecution of Microsoft's '609 patent application, the examiner relied on the published application that resulted in the '868 patent, U.S.

19

Patent Publication No. 2010/0027552 ("'552 Publication"), to reject the claims of Microsoft's '609 patent application over the course of several office actions. In an office action dated December 27, 2010, the examiner rejected the claims of Microsoft's '609 patent application for anticipation based on the Hill reference, which is the '552 Publication. In its response to that office action dated March 28, 2011, Microsoft provided a detailed analysis of the substance of the '552 Publication. In a second office action dated June 13, 2011, the examiner rejected the claims of Microsoft's '609 patent application for obviousness based on the Hill reference (i.e., the '552 Publication). In response to that office action on September 13, 2011, Microsoft again submitted arguments analyzing the '552 Publication. Then, in yet another office action dated March 2, 2012, the examiner rejected the claims of Microsoft's '609 patent application for obviousness based on the '552 Publication. In its response to this office action on July 2, 2012, Microsoft again provided arguments regarding the '552 Publication. The examiner again rejected the claims of Microsoft's '609 patent application for obviousness based on the '552 Publication in an office action dated October 12, 2012. Microsoft responded to this office action on January 14, 2013, by further analyzing the '552 Publication. In another office action dated May 9, 2013, the examiner again rejected the claims of Microsoft's '609 patent application for obviousness based on the '552 Publication. The '552 Publication issued as the '868 patent on August 20, 2013. Microsoft responded to the May 9, 2013 office action on August 27, 2013, again analyzing the disclosure of the '552 Publication, which had now already issued as the '868 patent. Microsoft's '609 patent application was abandoned on June 20, 2014, approximately 10 months after the '868 patent issued.

**ANSWER**: Microsoft denies that it has indirectly infringed or is indirectly infringing the '868 Patent, including by inducing infringement by any customer, end user, or third party. Microsoft

20

further denies that it possessed the knowledge or specific intent required to induce infringement of the '868 Patent. Microsoft admits that the '868 Patent issued on August 20, 2013. Microsoft further admits that during prosecution of U.S. Patent Application Publication No. 2010/0318609 the Examiner cited U.S. Patent Application Publication No. 2010/0027552 in certain Office Actions and that Microsoft submitted responses to those Office Actions. Microsoft denies the remaining allegations in Paragraph 39.

40.     Further, in the prosecution of Microsoft's patent application with U.S. Patent Publication No. 2013/0142201 ("Microsoft's '201 patent application"), Microsoft again performed an extensive analysis of the '552 Publication to Hill, which is the published application that resulted in the '868 patent. In office actions dated April 21, 2014 and February 6, 2015, the examiner rejected the claims of Microsoft's '201 patent application for obviousness in view of the '552 Publication, which had already issued as the '868 patent. In its response to an office action dated June 24, 2015, Microsoft provides a detailed analysis of the '552 Publication to Hill. The examiner again rejected the claims of Microsoft's '201 patent application for obviousness in view of the '552 Publication in additional office actions dated July 24, 2015, and November 2, 2015. Microsoft eventually was deemed to have abandoned the '201 patent application on June 1, 2016. **ANSWER**: Microsoft admits that, during prosecution of the application published as U.S. Patent Application Publication No. 2013/0142201, the Examiner cited U.S. Patent Application Publication No. 2010/0027552 in Office Actions. Microsoft further admits that it submitted a response dated June 24, 2015, and that Microsoft's patent application was abandoned on June 1, 2016. Microsoft denies the remaining allegations in paragraph 40 of the FAC.

41.     Additionally, Microsoft affirmatively disclosed the '552 Publication, which issued as the '868 patent in August 2013, in Information Disclosure Statements on December 1, 2015, in

21

the prosecution of U.S. Patent No. 10,075,304 and in March 2014 in the prosecution of the U.S. Patent No. 11,314,556. The examiner similarly cited the '552 Publication in the prosecution of three other Microsoft patents, including U.S. Patent No. 8,019,873, U.S. Patent No. 8,849,924, and U.S. Patent No. 9,075,661.

**ANSWER**: Microsoft admits that U.S. Patent Application Publication No. 2010/0027552 was identified in Information Disclosure Statements submitted during prosecution of the applications that issued as U.S. Patent Nos. 10,075,304 and 11,314,556. Microsoft further admits that the '552 Publication was cited during prosecution of the applications that issued as U.S. Patent Nos. 8,019,873, 8,849,924, and 9,075,661. Microsoft denies the remaining allegations in paragraph 41 of the FAC.

42.    All of Microsoft's patents and patent applications above that cite the '552 Publication concern cloud computing. The Microsoft Accused Products in this case relate to Azure, Microsoft's cloud computing platform. Furthermore, the '868 patent and the '552 Publication are well known in the field and have been cited over 325 times by other patents and patent applications. Microsoft thus had knowledge of the '868 patent and knew that the Microsoft Accused Products (e.g., the Azure Products) infringe the '868 patent. Alternatively, Microsoft was willfully blind to the existence of the '868 patent and its infringement by deliberately avoiding confirming these facts.

**ANSWER**: Microsoft admits that it offers products and services under the name "Microsoft Azure" and that Azure is a cloud computing platform. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations that the '868 Patent and the '552 Publication are "well known in the field" or have been cited more than 325 times by other

22

patents and patent applications. Microsoft denies the remaining allegations in Paragraph 42 of the FAC.

43.    VideoLabs and Microsoft have a long relationship. VideoLabs publicly announced on its website in 2022 that Microsoft has entered into an agreement to license VideoLabs' patents. VideoLabs also publicly announced its acquisition of the patents-in-suit in 2024.

**ANSWER**: Microsoft admits that it and VideoLabs entered into one prior licensing transaction regarding an unrelated patent portfolio. Microsoft denies the remaining allegations of Paragraph 43 of the FAC.

44.    From at least the time that Microsoft received notice, Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 5 of the '868 Patent. Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '868 Patent, including at least claim 5, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://azure.microsoft.com/en-us/resources/cloud-computing-dictionary/what-is-azure/

https://techcommunity.microsoft.com/blog/itopstalkblog/azure-arc-for-it-pros/2347921

https://learn.microsoft.com/en-us/azure/azure-arc/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/management/overview

https://azure.microsoft.com/en-us/explore/global-infrastructure#tabs-pill-bar-oc9430_tab1

https://datacenters.microsoft.com/WhatIsADatacenter/

https://learn.microsoft.com/en-us/azure/azure-arc/resource-bridge/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/overview

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/deploy-rest

23

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/template-expressions

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/parameter-files

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/parameters

https://learn.microsoft.com/en-us/azure/azure-resource-manager/bicep/overview

https://learn.microsoft.com/en-us/azure/azure-arc/servers/manage-vm-extensions

https://learn.microsoft.com/en-us/azure/azure-resource-manager/templates/template-tutorial-create-templates-with-dependent-resources

**ANSWER**: Microsoft denies each and every allegation in Paragraph 44 of the FAC.

45.    With knowledge of both the '868 Patent and its infringement of the '868 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '868 Patent by making and using the Microsoft Accused Products in a manner constituting direct infringement of at least claim 5 of the '868 Patent. Microsoft is thus liable for infringement of the '868 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 45 of the FAC.

46.    On information and belief, since being on notice of the '868 patent, Microsoft's past and continuing infringement has been intentional, deliberate, egregious, and willful. This case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 46 of the FAC.

47.    As a result of Microsoft's infringement of the '868 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '868 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 47 of the FAC.

48.    VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '868 Patent.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 48 of the FAC.

### COUNT 2: INFRINGEMENT OF U.S. PATENT NO. 9,069,599 BY MICROSOFT

49.    VL IP incorporates by reference paragraphs 1-48 above.

**ANSWER**: Microsoft repeats and incorporates by reference each of the answers in the foregoing paragraphs as if fully set forth herein.

50.    Microsoft has directly infringed, and continues to directly infringe one or more claims of the '599 Patent, including at least claim 1 of the '599 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States the Microsoft Accused Products, including, for example, Azure Kubernetes Service in violation of 35 U.S.C. § 271(a).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 50 of the FAC.

51.    The Microsoft Accused Products, including, for example, Azure Kubernetes Service, directly infringe claim 1 as set forth in **Exhibit E**.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 51 of the FAC. Microsoft further denies each and every allegation set forth in Exhibit E.

52.    Microsoft has also indirectly infringed and continues to indirectly infringe the '599 Patent by actively inducing infringement by its customers, end users, and third parties of the '599 Patent. Microsoft has been on notice of the '599 patent and its infringement thereof since at least May 3, 2017. In the prosecution of Microsoft's U.S. Patent No. 10,860,545, Microsoft affirmatively cited the asserted '599 patent in Information Disclosure Statements dated May 3,

2017. Microsoft also affirmatively cited the asserted '599 patent in Information Disclosure Statements dated May 3, 2017 in the prosecution of Microsoft's U.S. Patent No. 10,725,979.

**ANSWER**: Microsoft admits that the publicly available prosecution histories of U.S. Patent Nos. 10,860,545 and 10,725,979 list the '599 Patent in Information Disclosure Statements. Microsoft denies the remaining allegations in paragraph 52 of the FAC.

53.    The '599 patent issued on June 30, 2015. In prosecution of its application with U.S. Patent No. 10,581,756 ("Microsoft's '756 patent"), Microsoft provided a detailed analysis of the substance of the '599 patent. In prosecution of Microsoft's '756 patent, the examiner relied on the published application that resulted in the '599 patent, U.S. Patent Publication No. 2012/0185913 ("'913 Publication"), to reject the claims of Microsoft's '756 patent over the course of several office actions. In an office action dated June 20, 2019, the examiner rejected the claims of Microsoft's '756 patent for obviousness based on the Martinez reference, which is the '913 Publication. In response to the office action dated September 20, 2019, Microsoft provided a detailed analysis of the '913 Publication, which had already issued as the '599 patent more than four years earlier. Microsoft further proposed to discuss the '913 Publication to Martinez in an interview with the examiner during prosecution.

**ANSWER**: Microsoft admits that the '599 Patent issued on June 30, 2015. Microsoft further admits that, during prosecution of U.S. Patent No. 10,581,756, the Examiner cited U.S. Patent Application Publication No. 2012/0185913 in an Office Action and Microsoft submitted a response. Microsoft further admits that the publicly available prosecution history shows that an examiner interview concerning the '913 Publication was proposed. Microsoft denies the remaining allegations in paragraph 53 of the FAC.

54.     Moreover, Microsoft disclosed the '913 Publication in an Information Disclosure Statement dated August 14, 2018, in the prosecution of U.S. Publication No. 2017/0171020, which was more than three years after the '599 patent had issued. The '913 Publication was also cited by the examiner in the prosecutions of Microsoft's U.S. Patent Publication No. 2017/0168900 and U.S. Patent No. 10,740,086. All of Microsoft's patents and patent applications above that cite the '599 patent or the '552 Publication relate to cloud computing. The Microsoft Accused Products in this case relate to Azure, Microsoft's cloud computing platform. Furthermore, the '599 patent and the '913 Publication are well known in the field and have been cited over 590 times by other patents and patent applications.

**ANSWER**: Microsoft admits that the publicly available prosecution history of U.S. Patent Application Publication No. 2017/0171020 shows that U.S. Patent Application Publication No. 2012/0185913 was identified in an Information Disclosure Statement. Microsoft further admits that the '913 Publication was cited during prosecution of U.S. Patent No. 10,740,086. Microsoft admits that it offers products and services under the name "Microsoft Azure" and that Azure is a cloud computing platform. Microsoft is without knowledge or information sufficient to form a belief as to the truth of the allegations that the '599 Patent and the '913 Publication are "well known in the field" or have been cited more than 590 times by other patents and patent applications. Microsoft denies the remaining allegations in paragraph 54 of the FAC.

55.     Therefore, Microsoft thus had knowledge of the '599 patent and knew that the Microsoft Accused Products (e.g., the Azure Products) infringe the '599 patent. Alternatively, Microsoft was willfully blind to the existence of the '599 patent and its infringement by deliberately avoiding confirming these facts.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 55 of the FAC.

27

56.     Furthermore, VideoLabs and Microsoft have a long relationship. VideoLabs publicly announced on its website in 2022 that Microsoft has entered into an agreement to license VideoLabs' patents. VideoLabs also publicly announced its acquisition of the patents-in-suit in 2024.

**ANSWER**: Microsoft admits that it and VideoLabs entered into one prior licensing transaction regarding an unrelated patent portfolio. Microsoft denies the remaining allegations of Paragraph 56 of the FAC.

57.     From at least the time that Microsoft received notice, Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '599 Patent. Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '599 Patent, including at least claim 1, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://learn.microsoft.com/en-us/azure/virtual-machines/managed-disks-overview

https://learn.microsoft.com/en-us/azure/aks/what-is-aks

https://learn.microsoft.com/en-us/azure/virtual-machines/overview

https://azure.microsoft.com/en-us/resources/cloud-computing-dictionary/what-is-azure/

https://learn.microsoft.com/en-us/azure/container-instances/container-instances-overview

https://learn.microsoft.com/en-us/training/modules/describe-azure-compute-networking-services/5-containers

https://learn.microsoft.com/en-us/azure/aks/use-azure-policy

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/definition-structure-basics

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/initiative-definition-structure

28

https://learn.microsoft.com/en-us/azure/governance/policy/concepts/scope

https://learn.microsoft.com/en-us/azure/governance/policy/assign-policy-bicep?tabs=azure-powershell

https://learn.microsoft.com/en-us/azure/governance/policy/assign-policy-template?tabs=azure-powershell

https://learn.microsoft.com/en-us/azure/well-architected/service-guides/azure-kubernetes-service

https://learn.microsoft.com/en-us/azure/aks/learn/quick-kubernetes-deploy-rm-template?tabs=azure-cli

https://learn.microsoft.com/en-us/azure/aks/learn/quick-kubernetes-deploy-bicep?tabs=azure-cli

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-cloud-introduction

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-containers-architecture?tabs=defender-for-container-arch-aks

https://learn.microsoft.com/en-us/azure/defender-for-cloud/enablement-guide-runtime-gated

https://learn.microsoft.com/en-us/azure/defender-for-cloud/recommendations-reference-container

https://learn.microsoft.com/en-us/azure/aks/security-controls-policy

https://learn.microsoft.com/en-us/azure/virtual-network/kubernetes-network-policies

https://learn.microsoft.com/en-us/azure/aks/network-policy-best-practices

https://learn.microsoft.com/en-us/azure/defender-for-cloud/defender-for-containers-introduction

https://learn.microsoft.com/en-us/azure/aks/pci-ra-code-assets

https://learn.microsoft.com/en-us/azure/aks/cis-kubernetes

https://learn.microsoft.com/en-us/azure/aks/developer-best-practices-pod-security

https://learn.microsoft.com/en-us/azure/aks/concepts-security

**ANSWER**: Microsoft denies each and every allegation in Paragraph 57 of the FAC.

29

58.    With knowledge of both the '599 Patent and its infringement of the '599 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers, end users, and third parties in infringing the '599 Patent by making and using the Microsoft Accused Products in a manner constituting direct infringement of at least claim 1 of the '599 Patent. Microsoft is thus liable for infringement of the '599 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 58 of the FAC.

59.    On information and belief, since being on notice of the '599 patent, Microsoft's past and continuing infringement has been intentional, deliberate, egregious, and willful. This case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 59 of the FAC.

60.    As a result of Microsoft's infringement of the '599 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '599 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 60 of the FAC.

61.    VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '599 Patent.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 61 of the FAC.

### COUNT 3: INFRINGEMENT OF U.S. PATENT NO. 9,973,474 BY MICROSOFT

62.    VL IP incorporates by reference paragraphs 1-61 above.

30

**ANSWER**: Microsoft repeats and incorporates by reference each of the answers in the foregoing paragraphs as if fully set forth herein.

63.     Microsoft has directly infringed, and continues to directly infringe one or more claims of the '474 Patent, including at least claim 1 of the '474 Patent, literally and/or under the doctrine of equivalents, by or through making, using, offering for sale, selling within the United States, and/or importing into the United States the Microsoft Accused Products, including, for example, the Azure VPN Gateway in violation of 35 U.S.C. § 271(a).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 63 of the FAC.

64.     The Microsoft Accused Products, including, for example, the Azure VPN Gateway, directly infringe claim 1 as set forth in **Exhibit F**.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 64 of the FAC. Microsoft further denies each and every allegation set forth in Exhibit F.

65.     Microsoft has also indirectly infringed and continues to indirectly infringe the '474 Patent by inducing infringement by its customers, end users, and third parties of the '474 Patent. Microsoft has been on notice of the '474 patent and its infringement thereof at least as early as the filing of the original Complaint.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 65 of the FAC.

66.     Microsoft has been actively inducing its customers, end users, and third parties to infringe at least claim 1 of the '474 Patent. Microsoft has taken affirmative actions to induce infringement by intentionally instructing its customers, end users, and third parties to infringe one or more claims of the '474 Patent, including at least claim 1, through websites and online tutorials that provide instructions on the infringing use and implementation of the Microsoft Accused Products, such as those available at the following URLs:

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-about-vpngateways

https://learn.microsoft.com/en-us/azure/vpn-gateway/tutorial-site-to-site-portal

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-download-vpndevicescript

https://learn.microsoft.com/en-us/microsoft-365/enterprise/connect-an-on-premises-network-to-a-microsoft-azure-virtual-network?view=o365-worldwide

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-about-vpn-gateway-settings

https://learn.microsoft.com/en-us/azure/vpn-gateway/vpn-gateway-vpn-faq

https://techcommunity.microsoft.com/blog/appsonazureblog/how-to-choose-the-right-network-plugin-for-your-aks-cluster-a-flowchart-guide/3969292

https://learn.microsoft.com/en-us/azure/virtual-network/deploy-container-networking

https://learn.microsoft.com/en-us/azure/network-watcher/network-watcher-agent-linux?tabs=portal

**ANSWER**: Microsoft denies each and every allegation in Paragraph 66 of the FAC.

67.     Microsoft has also contributed to, and continues to contribute to, the infringement of claim 1 of the '474 patent by making, using, offering to sell, selling, and/or importing the components of the Microsoft Accused Products, including Azure VPN Gateway, in violation of 35 U.S.C. § 271(c). Microsoft makes, uses, offers to sell, sells, and/or imports such products with the knowledge that they are especially designed for use in performing the method of claim 1, that their use constitutes a material part of the method of claim 1, and that they are not a staple article of commerce suitable for substantial non-infringing use.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 67 of the FAC.

68.     With knowledge of both the '474 Patent and its infringement of the '474 Patent, Microsoft has acted with specific intent or willful blindness to actively aid and abet its customers,

end users, and third parties in infringing the '474 Patent by making and using the Azure VPN Gateway in a manner constituting direct infringement of at least claim 1 of the '474 Patent. Microsoft is thus liable for infringement of the '474 Patent under 35 U.S.C. § 271(b).

**ANSWER**: Microsoft denies each and every allegation in Paragraph 68 of the FAC.

69.     On information and belief, since at least the filing of the original Complaint, Microsoft's past and continuing infringement has been intentional, deliberate, egregious, and willful. This case is therefore an exceptional case, which warrants an award of treble damages and attorneys' fees to Plaintiff pursuant to 35 U.S.C. §§ 284, 285.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 69 of the FAC.

70.     As a result of Microsoft's infringement of the '474 Patent, VL IP has suffered monetary damages and is entitled to no less than a reasonable royalty for Microsoft's use of the claimed inventions of the '474 Patent, together with interest and costs as determined by the Court. VL IP will continue to suffer damages in the future unless Microsoft's infringing activities are enjoined by this Court.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 70 of the FAC.

71.     VL IP will be irreparably harmed unless a permanent injunction is issued enjoining Microsoft and its agents, employees, representatives, affiliates, and others acting in concert with Microsoft from infringing the '474 Patent.

**ANSWER**: Microsoft denies each and every allegation in Paragraph 71 of the FAC.

**PRAYER FOR RELIEF**

To the extent that any statement in the Prayer for Relief section of the FAC is deemed factual, it is denied. Further, Microsoft denies that Plaintiff has any valid claim and is entitled to any relief whatsoever.

33

## AFFIRMATIVE DEFENSES

Microsoft asserts the following additional and affirmative defenses without assuming any burden of proof when such burden would otherwise be on Plaintiff. Microsoft repeats and incorporates by reference each of its answers in paragraphs 1 through 71 and the Response to Prayer for Relief as set forth above with each of the following defenses as if fully set forth herein. Further, Microsoft specifically reserves all rights to assert additional defenses and affirmative defenses as additional information becomes available.

## FIRST DEFENSE

Plaintiff has failed to plead its claims with sufficient specificity or factual support to place Microsoft on notice of the claims Plaintiff is asserting against it, such that Plaintiff failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

Microsoft has not infringed and does not infringe any valid and enforceable claim of the Asserted Patents, either directly or indirectly, either literally or under the doctrine of equivalents.

## THIRD DEFENSE

The claims of the Asserted Patents are invalid for failure to meet the requirements of one or more sections of Title 35, United States Code, and/or Title 37, Code of Federal Regulations, including but not limited to one or more of 35 U.S.C. §§ 101, 102, 103 and 112.

## FOURTH DEFENSE

Plaintiff's claims for patent infringement are barred, in whole or in part, by the doctrines of prosecution history estoppel, judicial estoppel, and/or prosecution disclaimer.

## FIFTH DEFENSE

Microsoft has not committed any acts of infringement, willful or otherwise, in this District or elsewhere, and the Asserted Patents are invalid, and thus Plaintiff cannot prove that it is entitled

to enhanced damages under 35 U.S.C. § 284 or that this case is otherwise exceptional under 35 U.S.C. § 285.

## SIXTH DEFENSE

Plaintiff's claims against Microsoft for recovery are barred, in whole or in part, by 35 U.S.C. § 286. For the purposes of this defense, the relevant calculation period for damages— as prescribed by statute—cannot be more than six years prior to the filing of the Original Complaint.

## SEVENTH DEFENSE

Plaintiff's claims against Microsoft for recovery are barred, in whole or in part, by 35 U.S.C. § 287. To the extent Plaintiff, any predecessor in interest, or any licensee or other person failed to properly mark any of their relevant products or materials, Plaintiff may not recover damages for acts occurring before Microsoft received actual notice that it was allegedly infringing the Asserted Patents.

## EIGHTH DEFENSE

Plaintiff is precluded from recovering costs under 35 U.S.C. § 288.

## NINTH DEFENSE

Plaintiff is not entitled to any injunctive relief or other equitable because, among other reasons, any alleged injury is not immediate or irreparable, and Plaintiff has an adequate remedy at law for any alleged injury.

## TENTH DEFENSE

Plaintiff's claims against Microsoft are barred or limited by the equitable doctrine of estoppel, waiver, implied waiver, implied license, prosecution latches, laches to the extent legally available, unclean hands, and/or other equitable doctrines. For example, and upon information and belief, Plaintiff unreasonably delayed filing this action after it knew, or should have known, of the

allegedly infringing acts identified in the FAC. Allowing this action to proceed after such unreasonable delay stands to materially prejudice Microsoft.

## ELEVENTH DEFENSE

To the extent any Asserted Patents incorrectly names or omits an inventor and any such inventorship error cannot be corrected under 35 U.S.C. § 256, the affected Asserted Patent and/or claims are invalid under 35 U.S.C. §§ 115 and/or 256.

## TWELFTH DEFENSE

To the extent Plaintiff was not the true, correct, sole, and total owner of all substantial rights to the Asserted Patents as of the filing date of the Original Complaint. Plaintiff lacks standing to bring or maintain one or more claims in this lawsuit.

## THIRTEENTH DEFENSE

Plaintiff cannot assert the claims of the Asserted Patents under the doctrine of equivalents to cover the allegedly infringing products, services, systems, or instrumentalities because any such asserted scope of equivalency would encompass or ensnare the prior art.

## COUNTERCLAIMS

Microsoft Corporation ("Microsoft") alleges and asserts the following counterclaims against VL Collective IP LLC's ("VL IP").

## PARTIES

1.      Counterclaimant Microsoft is a Washington corporation with its principal place of business located at One Microsoft Way, Redmond, Washington 98052.

2.      On information and belief, Counterclaim Defendant VL Collective IP LLC is a Delaware limited liability company with its principal place of business in Palo Alto, CA.

36

### JURISDICTION AND VENUE

3.      These Counterclaims arise under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgement Act, 28 U.S.C. §§ 2201-02.

4.      Subject to Microsoft's defenses and denials stated above, this Court has jurisdiction over the subject matter of these Counterclaims under 28 U.S.C. §§ 1331, 1338(a), 1367, and 2201-02.

5.      This Court has personal jurisdiction over VL IP because, inter alia, VL IP has submitted to the jurisdiction of this Court by purposefully availing itself of the benefits and protections of the laws of this District by filing suit in this District.

6.      Subject to Microsoft's defenses and denials stated above, venue for this Counterclaim is proper in this District because VL IP has consented to this venue through the filing of a claim of patent infringement against Microsoft in this District, in response to which this Counterclaim is being asserted.

### COUNT 1 (Declaratory Judgement of Noninfringement of the '868 Patent)

7.      Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-6 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

8.      Although VL IP alleges in its FAC that Microsoft has infringed one or more claims of the '868 Patent, Microsoft has not infringed and does not infringe any valid and enforceable claim of the '868 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because Microsoft's products, infrastructure, and/or services do not practice every claimed limitation.

9.      An actual controversy exists with respect to the alleged infringement of the '868 Patent.

10.     Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed claims of the '868 Patent, thereby causing Microsoft irreparable injury and damage.

11.     A judicial determination of the respective rights of the parties with respect to the claims of the '868 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT 2 (Declaratory Judgement of Noninfringement of the '599 Patent)

12.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-11 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

13.     Although VL IP alleges in its FAC that Microsoft has  infringed one or more claims of the '599 Patent, Microsoft has not infringed and does not infringe any valid and enforceable claim of the '599 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because Microsoft's products, infrastructure, and/or services do not practice every claimed limitation.

14.     An actual controversy exists with respect to the alleged infringement of the '599 Patent.

15.     Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed claims of the '599 Patent, thereby causing Microsoft irreparable injury and damage.

16.     A judicial determination of the respective rights of the parties with respect to the claims of the '599 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT 3 (Declaratory Judgement of Noninfringement of the '474 Patent)**

17.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-16 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

18.     Although VL IP alleges in its FAC that Microsoft has infringed one or more claims of the '474 Patent, Microsoft has not infringed and does not infringe any valid and enforceable claim of the '474 Patent, either directly, indirectly, literally or under the doctrine of equivalents, because Microsoft's products, infrastructure, and/or services do not practice every claimed limitation.

19.     An actual controversy exists with respect to the alleged infringement of the '474 Patent.

20.     Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed claims of the '474 Patent, thereby causing Microsoft irreparable injury and damage.

21.     A judicial determination of the respective rights of the parties with respect to the claims of the '474 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

**COUNT 4 (Declaratory Judgement of Invalidity of the '868 Patent)**

22.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-21 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

23.     VL IP alleges in its FAC that the '868 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. However, on information and belief, each claim of the '868 Patent asserted against Microsoft is invalid for failing to comply

with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to sections 101, 102, 103, and 112. As a non-limiting example, the claims of the '868 Patent are anticipated or rendered obvious in view of U.S. Patent Publication Nos. 2005/0027886 ("Putnam") and 2007/0240160 ("Paterson-Jones").

24.     An actual controversy exists with respect to the alleged infringement of the '868 Patent and the validity of the claims of the '868 Patent.

25.     Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed the '868 Patent, thereby causing Microsoft irreparable injury and damage.

26.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '868 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

### COUNT 5 (Declaratory Judgement of Invalidity of the '599 Patent)

27.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-26 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

28.     VL IP alleges in its FAC that the '599 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. However, on information and belief, each claim of the '599 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to sections 101, 102, 103, and 112. As a non-limiting example, the claims of the '599 Patent are anticipated or rendered obvious in view of U.S. Patent Publication Nos. 2008/0126406 ("Endabetla") and 2007/0186274 ("Thrysoe").

29.     An actual controversy exists with respect to the alleged infringement of the '599 Patent and the validity of the claims of the '599 Patent.

30.     Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed the '599 Patent, thereby causing Microsoft irreparable injury and damage.

31.     A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '599 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

## COUNT 6 (Declaratory Judgement of Invalidity of the '474 Patent)

32.     Microsoft realleges and incorporates by reference the allegations in Paragraphs 1-31 of its Counterclaims and all of the Defenses and Additional and Affirmative Defenses above as if fully set forth herein.

33.     VL IP alleges in its FAC that the '474 Patent is valid, enforceable, and was duly issued in full compliance with Title 35 of the United States Code. However, on information and belief, each claim of the '474 Patent asserted against Microsoft is invalid for failing to comply with one or more of the requirements for patentability set forth in 35 U.S.C. § 101 et seq., including but not limited to sections 101, 102, 103, and 112. As a non-limiting example, the claims of the '474 Patent are anticipated or rendered obvious in view of U.S. Patent Publication Nos. 2006/0203820 ("Coluccio") and 2007/0240160 ("Paterson-Jones").

34.     An actual controversy exists with respect to the alleged infringement of the '474 Patent and the validity of the claims of the '474 Patent.

41

35. Absent a declaration and order as sought by Microsoft, VL IP will continue to wrongfully assert that Microsoft has infringed the '474 Patent, thereby causing Microsoft irreparable injury and damage.

36. A judicial determination of the respective rights of the parties with respect to the invalidity of the claims of the '474 Patent is now necessary and appropriate under 28 U.S.C. §§ 2201 and 2202.

## MICROSOFT'S PRAYER FOR RELIEF

Wherefore, Microsoft Corporation respectfully requests that the Court enter an Order and Judgment against VL IP, as follows:

a. Granting judgment in favor of Microsoft and against VL IP on all counts;

b. Dismissing with prejudice VL IP's FAC and all purported causes of action therein against Microsoft, denying any and all relief sought by VL IP, and ordering that VL IP take nothing by reason of its FAC;

c. Declaring that Microsoft has not infringed and is not currently infringing any claim of the '868, '599, and '474 Patents;

d. Declaring that the claims of the '868, '599, and '474 Patents are invalid;

e. Awarding Microsoft its costs and expenses incurred in this action to the extent authorized by applicable law, including its reasonable attorneys' fees under 35 U.S.C. § 285;

f. That Microsoft be awarded its costs incurred in this action; and

g. Awarding any other such relief as this Court deems just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Microsoft demands a trial by jury as to all issues so triable.

Dated: August 10, 2026

Respectfully submitted,

/s/ *Melissa R. Smith*

Melissa Richards Smith
TX State Bar No. 24001351
melissa@gillamsmithlaw.com
GILLAM & SMITH LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
Natalie A. Bennett*
Illinois Bar No. 6304611
natalie.bennett@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004-2541
Telephone: (202) 739-5559
Facsimile: (202) 739-3001

Jason C. White*
Illinois Bar No. 6238352
jason.white@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
110 North Wacker Drive
Chicago, IL 60606
Telephone: (312) 324-1000
Facsimile: (312) 324-1001

Ahren C. Hsu-Hoffman
TX State Bar No. 24053269
ahren.hsu-hoffman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

Jason E. Gettleman
California State Bar No. 269733
jason.gettleman@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

43

Katerina Hora Jacobson
California State Bar No. 342384
katerina.horajacobson@morganlewis.com
MORGAN, LEWIS & BOCKIUS LLP
1400 Page Mill Road
Palo Alto, California 94304
Telephone: (650) 843-4000
Facsimile: (650) 843-4001

*Admitted to Practice

**Attorneys for Defendant Microsoft Corporation**

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on August 10, 2026, with a copy of this document via the Court's CM/ECF system.

<i>/s/ Melissa R. Smith</i>