**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VL COLLECTIVE IP LLC, | § | |
| *Plaintiff,* | § | Case No. 2:26-cv-00346-JRG |
| v. | § | |
| MICROSOFT CORPORATION, | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |

**PROTECTIVE ORDER**

WHEREAS, Plaintiff VL Collective IP LLC and Defendant Microsoft Corporation, hereafter referred to as "the Parties," believe that certain information that is or will be encompassed by discovery demands by the Parties involves the production or disclosure of trade secrets, confidential business information, or other proprietary information;

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance with Federal Rule of Civil Procedure 26(c):

THEREFORE, it is hereby stipulated among the Parties and ORDERED that:

1. Each Party may designate as confidential for protection under this Order, in whole or in part, any document, information or material that constitutes or includes, in whole or in part, confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL." The word "CONFIDENTIAL" shall be placed clearly on each page of the Protected Material (except deposition and hearing

transcripts) for which such protection is sought. For deposition and hearing transcripts, the word "CONFIDENTIAL" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL."

2. Any document produced under Patent Rules 2-2, 3-2, and/or 3-4 before issuance of this Order with the designation "Confidential" or "Confidential – Outside Attorneys' Eyes Only" shall receive the same treatment as if designated "RESTRICTED – ATTORNEYS' EYES ONLY" under this Order, unless and until such document is redesignated to have a different classification under this Order.

3. With respect to documents, information or material designated "CONFIDENTIAL, "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" ("DESIGNATED MATERIAL"),[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE," both individually and collectively.

DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

4. A designation of Protected Material (i.e., "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE") may be made at any time. Inadvertent or unintentional production of documents, information or material that has not been designated as DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Any party that inadvertently or unintentionally produces Protected Material without designating it as DESIGNATED MATERIAL may request destruction of that Protected Material by notifying the recipient(s), as soon as reasonably possible after the producing Party becomes aware of the inadvertent or unintentional disclosure, and providing replacement Protected Material that is properly designated. The recipient(s) shall then destroy all copies of the inadvertently or unintentionally produced Protected Materials and any documents, information or material derived from or based thereon immediately upon being notified by the producing Party of the inadvertent or unintentional disclosure irrespective of any other potential remedies provided in Federal Rule of Civil Procedure 26(b)(5)(B). In the event of a disclosure of any Protected Material, by inadvertence or otherwise, to any person or persons not authorized to receive such disclosure under this Order, or in any circumstance not authorized under this Order, the Party responsible for having made such disclosure, and each Party with knowledge thereof, shall immediately notify counsel for the designating Party whose Protected Material has been disclosed and shall use its best efforts and cooperate in good faith to retrieve all unauthorized copies of the improperly disclosed Protected Material and to ensure that no further or greater unauthorized disclosure and/or

use thereof is made, including informing the person or persons to whom unauthorized disclosure was made of all the terms of this Order and requesting that such person or persons execute the acknowledgment attached as Appendix A.

5. "CONFIDENTIAL" documents, information and material may be disclosed only to the following persons, except upon receipt of the prior written consent of the designating Party, upon order of the Court, or as set forth in paragraph 15 herein:

(a) outside counsel of record in this Action for the Parties;

(b) employees of such counsel assigned to and reasonably necessary to assist such counsel in the litigation of this Action;

(c) in-house counsel for the Parties who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action and who have completed the Undertaking attached at Appendix A hereto (the "Undertaking") and the same is served upon the Parties;

(d) up to and including three (3) designated representatives of each of the Parties to the extent reasonably necessary for the litigation of this Action, except that either party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. Each designated representative shall be disclosed five (5) business days prior to receiving access to any Material and complete the attached Undertaking.

(e) consultants or experts (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party (together with (i) a current curriculum vitae of the consultant or expert, (ii) identification of his/her (a) current employer(s) and (b) each person or entity from whom s/he has received compensation from for work (as an employee, consultant, contractor, or the like) pertaining to the field of the patent(s)-in-suit or the products accused of infringement within the preceding five (5) years, and (iii) a listing of all proceedings[2] in which the expert has offered either

[2] For the avoidance of doubt, this includes any proceeding at the U.S. Patent and Trademark Office

written or oral opinions or testimony (at trial or deposition) in the last five (5) years, at least ten (10) days before access to the Protected Material is to be given to that consultant or expert so that the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert[3]. A producing Party's objection to the disclosure of Designated Material to an outside consultant or expert must state with particularity the ground(s) of the objections. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within ten (10) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

(f) any mediator who is assigned to or retained for this matter, and his or her staff, subject to their agreement to maintain confidentiality consistent with this Order;

(g) independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action;

(h) DESIGNATED MATERIAL may also be disclosed to mock jurors, provided that each mock juror first executes the Undertaking attached hereto and is not a current employee of, or affiliated with, any Party or a competitor of any Party; and

(i) the Court and its personnel.

6. A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

---

or at the U.S. International Trade Commission.

[3] If such consultant or expert reasonably believes any of this information is subject to a confidentiality obligation to a third-party, then the s/he should provide whatever information can be disclosed without violating any confidentiality agreements and note in the disclosure that s/he reasonably believes other information is subject to a confidentiality obligation to a third-party. The producing and receiving Parties may meet and confer regarding the withheld information.

7. Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of this Action. Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

8. To the extent a producing Party believes that certain Protected Material qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY," or to the extent such Protected Material includes computer source code and/or live data (that is, data as it exists residing in a database or databases) ("Source Code Material"), the producing Party may designate such Protected Material as "RESTRICTED CONFIDENTIAL – SOURCE CODE."

9. For Protected Material designated RESTRICTED – ATTORNEYS' EYES ONLY, access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 5(a-b) and (e-i). The individuals listed in paragraph 5(h) may only review presentations or summaries derived from information or documents designated "RESTRICTED – ATTORNEYS' EYES ONLY," provided that they are not themselves given custody of any material designated "RESTRICTED – ATTORNEYS' EYES ONLY" or of any such derivative material. When disclosing such information to

individuals listed in paragraph 5(h), financial amounts must be altered in derivative materials but may be within the same magnitude as those in the underlying "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information or documents.

10. The RESTRICTED CONFIDENTIAL – SOURCE CODE designation is to be used only for source code printed out from the source code computer. For Protected Material designated RESTRICTED CONFIDENTIAL – SOURCE CODE, the following additional restrictions apply:

(a) Access to a Party's Source Code Material shall be provided only on "stand-alone" computer(s) (that is, the computer may not be linked to any network, including a local area network ("LAN"), an intranet or the Internet). The stand-alone computer(s) may be connected to a printer. Additionally, except as provided in paragraph 10(k) below, the stand-alone computer(s) may only be located at the offices of the producing Party's outside counsel. Each stand-alone computer may be connected to a monitor (of size no less than 27 inches), keyboard, and mouse, and must conform to reasonable, modern specifications. Upon the receiving Party's reasonable request, the producing Party shall make available more than one stand-alone computer, including more than one at the same review location, so that more than one authorized reviewer may review the Source Code Material simultaneously; the producing Party shall not be required to provide more than two (2) such computers absent a further showing of good cause.

(b) The receiving Party shall make reasonable efforts to restrict its requests for such access to the stand-alone computer(s) to normal business hours, which for purposes of this paragraph shall be 8:00 a.m. through 6:00 p.m. However, upon reasonable notice from the receiving party, the producing Party shall make reasonable efforts to accommodate the receiving Party's request for access to the stand-alone computer(s) outside of normal business hours. The Parties agree to cooperate in good faith such that maintaining the producing Party's Source Code Material at the offices of its outside counsel shall not unreasonably hinder the receiving Party's ability to efficiently and effectively conduct the prosecution or defense of this Action. The receiving Party shall provide the producing Party with reasonable written notice of a source code inspection no less than five (5) business days in advance of the first requested inspection and three (3) business days in advance of each subsequent requested inspection (however, a request to shorten this notice period shall not be withheld unreasonably), and shall identify the individuals who will be reviewing the source code, as well as a good faith estimate of the anticipated length of review. The receiving Party's qualified persons shall sign, on each day, they view Source Code Material, a log with names and entry/exit times. Proper identification of all authorized persons shall be provided prior to any access to the secure room or the

source code computers, and access to the secure room or the source code computers may be denied to any individual who fails to provide proper identification.

(c) The receiving Party's outside counsel, consultants, and/or experts shall be entitled to take notes relating to the Source Code Material but may not copy or transcribe verbatim any complete lines of the Source Code Material into the notes and all such notes must be stamped and treated as "RESTRICTED CONFIDENTIAL – SOURCE CODE" material. No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein. No electronic devices or recording devices, including, but not limited to, audio, image, or video recorders; or wireless devices with data transmission capabilities or recording capabilities (e.g., cameras), will be permitted in the room with the Source Code computer, unless agreed otherwise by the parties in writing. Each person authorized to access Source Code Material may use a single laptop computer for the sole purpose of typing notes related to Source Code Material review. The laptop used for taking notes during inspection shall be provided by the producing Party. The laptop shall have all picture taking, video recording, and external storage or copying capability and ports disabled and be configured such that all notes are stored only on an encrypted USB drive, and no copies (including via auto-save backups or any type of surveillance tool) of any of such notes are stored anywhere else or otherwise accessible by the producing Party. The laptop shall not be linked to any network, including a local area network ("LAN"), an intranet or the Internet. The receiving Party may remove the USB drive from the inspection room and shall be provided the password to access its contents outside of the inspection, provided that such access is done in a manner that ensures the security of its contents consistent with all other provisions of this order, including those governing material designated RESTRICTED CONFIDENTIAL – SOURCE CODE. All documents into which any of the content of the notes is incorporated shall be designated RESTRICTED CONFIDENTIAL – SOURCE CODE. No copies of all or any portion of the Source Code Material may leave the room in which the Source Code Material is inspected except as otherwise provided herein. Further, no other written or electronic record of the Source Code Material is permitted except as otherwise provided herein. Unless otherwise agreed in advance by the Parties in writing, following each day on which inspection is done under this Order, the Receiving Party's outside counsel, consultants, and/or experts shall remove all notes, documents, and all other materials from the Source Code Review Room. The producing Party shall not be responsible for any items left in the Source Code Review Room following each inspection session, and the receiving Party shall have no expectation of confidentiality for any items left in the Source Code Review Room following each inspection session without a prior agreement to that effect. The Producing Party shall make available a break out room in which the Source Code reviewer(s) may access their notes and make phone calls to outside counsel or Experts approved to access Source Code. All receiving Party's representatives entering the secured room containing the Source Code Computers must agree to submit to reasonable security measures to ensure they are not carrying any prohibited items (e.g., items that could be used to copy, remove,

or otherwise transfer any portion of the source code onto any recordable media or recordable device, other than as provided herein), before they will be given access to the secured computer;

(d) The producing Party shall provide the receiving Party with information explaining how to start, log on to, and operate the stand-alone computer(s) in order to access the produced Source Code Material on the stand-alone computer(s);

(e) The producing Party will produce Source Code Material in computer searchable format on the stand-alone computer(s) as described above. The producing Party shall install on each stand-alone computer the reasonable software tools requested by the receiving Party to view and search the produced Source Code Material. In the event the receiving Party requests commercially available software tools for viewing and searching Source Code Material to be installed on the stand-alone computer(s), the receiving Party shall identify those tools and provide the producing Party with licensed copies of the software tool(s) at the receiving Party's expense. The receiving Party must provide the producing Party with the requested licensed software at least five (5) business days in advance of the date upon which the receiving Party wishes to have the additional software tools available for use. The producing Party and receiving Party shall promptly meet and confer in good faith to resolve any disputes regarding the configuration of the stand-alone computer(s). If the producing Party makes Source Code Material available through a remote or virtualized environment rather than locally on the stand-alone computer, that environment shall conform to reasonable, modern specifications and shall not unreasonably hinder efficient review; if the receiving Party's outside consultants or experts determine in good faith that the environment does not permit reasonably responsive and efficient review, the producing Party shall, upon the receiving Party's request, make the Source Code Material available locally on the stand-alone computer(s).

(f) Access to Protected Material designated RESTRICTED CONFIDENTIAL – SOURCE CODE shall be limited to outside counsel and up to four (4) outside consultants or experts[4] (*i.e.*, not existing employees or affiliates of a Party or an affiliate of a Party) retained for the purpose of this litigation and approved to access such Protected Materials pursuant to paragraph 5(e) above. Either party may in good faith request the other party's consent to designate one or more additional outside consultants or experts, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional consultant(s) or expert(s) if the requesting party believes the other party has unreasonably withheld such consent. A receiving Party may include excerpts of Source Code Material in a pleading, exhibit, expert report, discovery document,

[4] For the purposes of this paragraph, an outside consultant or expert is defined to include the outside consultant's or expert's direct reports and other support personnel, such that the disclosure to a consultant or expert who employs others within his or her firm to help in his or her analysis shall count as a disclosure to a single consultant or expert.

deposition transcript, or other Court document, provided that the Source Code Documents are appropriately marked under this Order, restricted to those who are entitled to have access to them as specified herein, and, if filed with the Court, filed under seal in accordance with the Court's rules, procedures and orders. The producing Party may visually monitor the activities of the receiving Party's reviewers only to confirm compliance with this Order, but shall not review or monitor the reviewers' screens, notes, or work product.

(g) To the extent portions of Source Code Material are quoted in a Source Code Document, either (1) the entire Source Code Document will be stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE or (2) those pages containing quoted Source Code Material will be separately stamped and treated as RESTRICTED CONFIDENTIAL – SOURCE CODE;

(h) Except as set forth in paragraph 10(k) below, no electronic copies of Source Code Material shall be made without prior written consent of the producing Party, except as necessary to create documents which, pursuant to the Court's rules, procedures and order, must be filed or served electronically;

(i) The receiving Party shall be permitted to request printouts of limited portions of Source Code Material, up to a reasonable number of pages and no more than 40 consecutive pages, all of which shall be designated and clearly labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE," provided that such printouts are: (1) necessary for use as exhibits at trial; (2) necessary to prepare court filings, pleadings, or other papers (including a testifying expert's expert report); (3) necessary for deposition, or (4) necessary to prepare and develop claims, contentions, and defenses in this case. The producing party shall within three (3) days of the request provide the printouts and up to three (3) additional photocopies (for a total of four (4) total printed copies) of such printed Source Code Material. Nothing in this paragraph shall be interpreted as expanding the categories of authorized recipients set forth in paragraph 10(f) above. If the receiving Party reasonably believes it is necessary to print more, the parties shall meet and confer in good faith to resolve the issue. The receiving Party shall maintain a log of all such files that are printed (identifying date, file/path, and number of pages), and shall make the log available upon reasonable request for audit purposes. Any printouts or photocopies of Source Code Material must be made on colored (i.e., non-white) paper. Upon at least one week's advance notice, the producing Party shall make a stand-alone computer containing the Source Code Material, with the same software tools installed, available at any deposition concerning the Source Code Material.

(j) Should such printouts or photocopies be transferred back to electronic media, such media shall be labeled "RESTRICTED CONFIDENTIAL – SOURCE CODE" and shall continue to be treated as such;

(k) If the receiving Party's outside counsel, consultants, or experts obtain printouts or photocopies of Source Code Material, the receiving Party shall ensure that such outside counsel, consultants, or experts keep the printouts or photocopies in a secured locked area in the offices of such outside counsel, consultants, or expert. The receiving Party may also temporarily keep the printouts or photocopies at: (i) the Court for any proceedings(s) relating to the Source Code Material, for the dates associated with the proceeding(s); (ii) the sites where any deposition(s) relating to the Source Code Material are taken, for the dates associated with the deposition(s); and (iii) any intermediate location reasonably necessary to transport the printouts or photocopies (*e.g.*, a hotel prior to a Court proceeding or deposition); and

(l) A producing Party's Source Code Material may only be transported by the receiving Party at the direction of a person authorized under paragraph 10(f) above to another person authorized under paragraph 10(f) above, on paper or removable electronic media (*e.g.*, a DVD, CD-ROM, or flash memory "stick") via hand carry, Federal Express or other similarly reliable courier. Source Code Material may not be transported or transmitted electronically over a network of any kind, including a LAN, an intranet, or the Internet. Source Code Material may only be transported electronically for the purpose of Court proceeding(s) or deposition(s) as set forth in paragraph 10(k) above and is at all times subject to the transport restrictions set forth herein. But, for those purposes only, the Source Code Materials may be loaded onto a stand-alone computer.

(m) No other copying or transcribing of Source Code Material is allowed beyond that described in this Protective Order. No person shall copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the Source Code Material, unless explicitly permitted by this Protective Order; and

(n) Source Code Material of a producing party may not be used or discussed in any way in a mock trial or any other form of jury testing exercise by the receiving Party. This does not preclude the receiving Party from discussing the operation of the source code generally, or using some form of pseudo code that generally describes the operation of the source code.

11. Any attorney representing a Party, whether in-house or outside counsel, and any person associated with a Party and permitted to receive the other Party's Protected Material that is designated RESTRICTED – ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL – SOURCE CODE (collectively "HIGHLY SENSITIVE MATERIAL"), who obtains, receives, has access to, or otherwise learns, in whole or in

part, the other Party's HIGHLY SENSITIVE MATERIAL under this Order shall not prepare, prosecute, supervise, or assist in the preparation or prosecution of any patent application pertaining to the field of the invention of the patents-in-suit on behalf of the receiving Party or its acquirer, successor, predecessor, or other affiliate during the pendency of this Action and for one year after its conclusion, including any appeals. To ensure compliance with the purpose of this provision, each Party shall create an "Ethical Wall" between those persons with access to HIGHLY SENSITIVE MATERIAL and any individuals who, on behalf of the Party or its acquirer, successor, predecessor, or other affiliate, prepare, prosecute, supervise or assist in the preparation or prosecution of any patent application pertaining to the field of invention of the patent-in-suit. Notwithstanding the foregoing, nothing in this paragraph shall prevent any attorney from participating in, or advising a client regarding, any reissue, *ex parte* reexamination, inter partes review, post-grant review, or other proceeding before the U.S. Patent and Trademark Office, provided that such attorney shall not participate in drafting, amending, or advising on the scope of patent claims in any such proceeding. This provision shall not bar entire firms, rather only the individuals who actually review or learn the substance of a Party's HIGHLY SENSITIVE MATERIAL.

12. This Order is entered pursuant to Rule 502(d) of the Federal Rules of Evidence. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client

privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity in the pending case or any other federal or state proceeding. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) in writing of the assertion of privilege or protection. When a producing Party identifies such information as privileged or protected, the receiving Party: (1) shall not use, and shall immediate cease any prior use of, such information; (2) shall take reasonable steps to retrieve the information from others to whom it was disclosed; (3) shall, within three (3) business days of the producing Party's request, return or destroy the information and all copies; and (4) shall confirm destruction of all copies not returned. No one shall use the fact or circumstances of production of the information in this Action to argue that any privilege or protection has been waived. For any document produced for which notice is given that the producing Party intends to assert privilege or work-product protection, at the receiving party's request, the producing party shall supply a privilege log for the inadvertently or unintentionally produced documents, information or other material within three (3) business days. Within five (5) days thereafter, a Party disputing a claim for privilege shall provide in writing the identification of the information at issue and the reasons (including legal support) for its assertion that information is not privilege, or that any privilege has been waived by some act other than production. Within three (3) business days thereafter, the Parties shall meet and confer in

good faith as to the claims of privilege. Within five (5) business days after the meet and confer, and not thereafter, the receiving party may file a motion to compel the production of the information.

13. There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities. If a receiving Party learns that, by inadvertence or otherwise, it has disclosed DESIGNATED MATERIAL to any person or in any circumstance not authorized under this Order, the receiving party must immediately (a) notify the designating Party in writing of the unauthorized disclosures, and provide all known, relevant information concerning the nature and circumstances of the disclosure; and (b) use best efforts to retrieve all unauthorized copies of the DESIGNATED MATERIAL and to ensure that no further or greater unauthorized disclosure and/or use occurs.

14. Use of Artificial Intelligence (AI) tools. The Parties may utilize AI tools, including, but not limited to, legal research, document review, and analysis platforms such as CoCounsel, in connection with the review, analysis, and management of materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY ," provided that: (1) the Party uses the AI tool only through a proprietary, private, and secure environment licensed exclusively for that Party; (2) the AI tool is operated in a manner that maintains the confidentiality of the "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" materials in accordance with this Order; (3) the AI tool and any associated service provider shall not use, access, or retain the "CONFIDENTIAL"

or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" materials or the substance of prompts for any purpose other than to provide the contracted services to the Party; (4) the AI tool shall not use the "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" materials or the substance of prompts to train its models or for any other purpose unrelated to this litigation; (5) the use of the AI tool shall not result in disclosure of "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" materials or the substance of prompts to any person or entity not otherwise authorized under this Order; and (6) the AI tool is capable of purging, deleting, and/or destroying any "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" materials or the substance of prompts in compliance with Paragraph 27 of this Order. Nothing in this paragraph shall be interpreted as expanding the categories of authorized recipients set forth in paragraphs 5, 9, and 10 above. The Parties may not use AI tools in connection with the review, analysis, and management of printouts or photocopies of source code, notes taken during the source code review (whether in electronic or paper form), or any other materials designated RESTRICTED CONFIDENTIAL SOURCE CODE that contain lines, portions, or excerpts of source code. For the avoidance of doubt, this paragraph does not preclude the installation and use of software tools or applications that have AI capabilities that are disabled during source code review. The Parties reserve the right to further discuss the use of AI tools if issues arise regarding the use of AI tools that are not expressly contemplated herein. To be clear, any person or entity in possession of DESIGNATED MATERIAL produced or exchanged in this litigation shall not submit such DESIGNATED MATERIAL or summary thereof to any open generative AI tool that does not meet requirements (1)-(6) specified above, so that the DESIGNATED

MATERIAL is not further disclosed or used in any manner inconsistent with this Order. The obligations and restrictions of this paragraph apply even where the DESIGNATED MATERIAL has been anonymized.

15. Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 9 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation; (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

16. Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL," "RESTRICTED - ATTORNEY' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" pursuant to this Order. Access to

the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as confidential.

17. Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing Party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

18. The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

19. A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such

application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

20. Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

21. To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

22. To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

23. Within forty-five (45) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes,

summaries, descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, outside counsel may retain one set of pleadings, discovery responses, correspondence, expert reports, and attorney and consultant work product (but not document productions) for archival purposes, but must return (or destroy) any pleadings, correspondences, and consultant work product that contain Source Code. To the extent any archival copy permitted to be retained under this provision is retained by outside counsel, such copy remains subject to this Protective Order. This paragraph does not prevent a Party's outside counsel from preserving its attorney work product, including memoranda and notes, relating to this case, except for those specified above.

24. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

25. Any Party knowing or believing that any other Party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief as may be appropriate in the circumstances. Pending disposition of the motion by

the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

26. Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

29. Any person in possession of another Party's DESIGNATED MATERIAL shall exercise the same degree of care with respect to its storage, custody, and use that such person applies to its own information of comparable sensitivity, but in no event less than reasonable precautions to protect against loss, misuse, or unauthorized access, disclosure, alteration, or destruction of such DESIGNATED MATERIAL. If a receiving Party discovers a breach of security involving another Party's DESIGNATED MATERIAL, it shall, no later than twenty-four (24) hours after discovery of the breach: (a) provide written notice of the breach to the designating Party; (b) investigate and remediate the effects of the breach; and (c) provide the designating Party with sufficient information to reasonably ascertain the size and scope of the breach, and shall thereafter cooperate reasonably with

the designating Party in investigating the breach.

**So ORDERED and SIGNED this 29th day of September, 2026.**

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| VL COLLECTIVE IP LLC, | § | |
| *Plaintiff,* | § | Case No. 2:26-cv-00346-JRG |
| | § | |
| v. | § | |
| | § | |
| MICROSOFT CORPORATION, | § | JURY TRIAL DEMANDED |
| *Defendant.* | § | |
| | § | |
| | § | |

**APPENDIX A**
**UNDERTAKING OF EXPERTS OR CONSULTANTS REGARDING PROTECTIVE ORDER**

I, ____________________________________________, declare that:

1. My address is ___________________________________________________________.

My current employer is ___________________________________________________.

My current occupation is _________________________________________________.

2. I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3. I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that is disclosed to me.

4. Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL," "RESTRICTED – ATTORNEYS' EYES ONLY," or "RESTRICTED CONFIDENTIAL – SOURCE CODE" that came into my possession, and

all documents and things that I have prepared relating thereto, to the outside counsel for the party by whom I am employed.

5. I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.

Signature ________________________________________

Date ____________________________________________